# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

Commonwealth *vs.* Celestino Madeiros.

Norfolk.   June 28, 1926. — June 30, 1926.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Practice, Criminal,* Unsworn statement by defendant to jury, New trial.

A motion for a new trial does not entitle a defendant indicted for murder to a review as a matter of right of an alleged error of law occurring during the trial and preceding the verdict.

At the trial of an indictment charging murder, the defendant did not testify.   After conviction he moved for a new trial, alleging in substance that he was not advised by the trial judge of his right to make an unsworn statement to the jury.   The trial judge denied the motion, stating, "I am satisfied that the defendant did not desire to address the jury in his own behalf.   In the exercise of my discretion I deny the motion."   *Held,* that there was no justification for holding that there was abuse of judicial discretion in denying the motion for a new trial or that such denial was not right.

Indictment, found and returned on December 4, 1924, charging the defendant, together with Alfred W. Bedard, James F. Weeks, and Harry Goldenberg, with the murder of James A. Carpenter at Wrentham on November 1, 1924.

The defendant was first tried before *Lummus,* J.   An exception saved by him at that trial was sustained, as reported in 255 Mass. 304.   The second trial was before *Lawton,* J.   Being found guilty, the defendant filed the

motion for a new trial described in the opinion and alleged an exception to its denial.

The case was submitted on briefs.

*F. J. Squires,* for the defendant.

*D. P. Ranney,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.   The defendant was found guilty of murder in the first degree by verdict of a jury on May 20, 1926. This was the second verdict of murder in the first degree against the defendant, his exceptions saved at the first trial having been sustained. *Commonwealth* v. *Madeiros,* 255 Mass. 304.   On June 12, 1926, before sentence pursuant to the second verdict, the defendant filed a motion for a new trial alleging in substance that he was not advised by the trial judge of his right to make an unsworn statement to the jury.   This motion was denied, the judge stating: "I am satisfied that the defendant did not desire to address the jury in his own behalf.   In the exercise of my discretion I deny the motion."   The defendant's exception to the denial of the motion brings the case here.   It is stated further in the exceptions: "At no time during the trial was the defendant advised by the court of his right or privilege to make an unsworn statement to the jury, nor was this right referred to in any way at any time during the trial by the court, defendant, or counsel for the defendant or for the Commonwealth.   The defendant did not testify at either trial."

The failure by the trial judge expressly to state to the defendant that he had the privilege of making an unsworn statement to the jury, if he so desired, occurred at the trial. The nature of that privilege is stated in *Commonwealth* v. *Stewart,* 255 Mass. 9.   It is the settled law that errors of law alleged to have occurred at the trial even of a capital case can be reviewed only on exceptions.   A motion for a new trial does not give a defendant the absolute right to have them reviewed.   *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24, and cases there collected.

A motion for a new trial is addressed to the sound discretion of the trial judge.   There is nothing to indicate, and no ground for the inference, that the statement of the trial

judge to the effect that the defendant did not want to address the jury in person was not warranted. Thus it appears that no harm was suffered by the defendant. There is no justification for holding that there was abuse of judicial discretion in denying the new trial or that such denial was not right. This point also is governed by *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25, and cases there collected.

*Exceptions overruled.*