COMMONWEALTH *vs.* JOHN J. DEVEREAUX.

SAME *vs.* EDWARD J. HEINLEIN.

SAME *vs.* JOHN J. MCLAUGHLIN.

Middlesex.   October 18, 1926. — November 10, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* New trial.

The granting of a new trial in capital cases on the ground of newly discovered evidence rests on sound judicial discretion.

A judge who presided at the trial of an indictment for murder, at which the defendant testified in his own behalf and there was not presented any evidence as to his mental condition, may well have been able to form a judgment as to legal responsibility of the defendant for crime, based upon common sense inferences and intelligent observation, more reliable as a practical guide to accomplishment of justice than the refined distinctions and technical niceties of alienists and experts in psychopathic inferiority; and, upon a motion by the defendant for a new trial, based upon alleged newly discovered evidence as to the defendant's mental condition and supported solely by affidavits of alienists and psychiatrists, the judge properly may find the affidavits not to be reliable and, in the exercise of his judicial discretion, properly may deny the motion.

It is proper for a judge, who presided at the trial of an indictment for murder, upon the hearing of a motion for a new trial based on allegations of newly discovered evidence of the mental condition of the defendant, to examine and give weight to a report made and filed previous to the trial by the department of mental diseases under § 100A, added to G. L. c. 123, by St. 1921, c. 415, and amended by St. 1923, c. 331.

The fact that the question of insanity was not raised at the trial of an indictment for murder is no reason in and of itself for granting a motion for a new trial, although affidavits are presented in support of the motion having a tendency to show insanity; when such a motion is presented, it becomes the duty of the trial judge to determine whether there is sound ground for such a defence and whether "it would or ought to produce a different result in the minds of another intelligent jury"; and this is a matter for the trial judge to determine for himself in the exercise of sound discretion.

Three defendants separately indicted for murder were tried together and each was found guilty under G. L. c. 265, §§ 1, 17, upon evidence which showed that only one of them committed the homicide.   Each filed a motion for a new trial based on allegations of newly discovered evidence that the perpetrator of the homicide was not mentally responsible at the

time of the crime. The judge who heard the motion found that such defendant was responsible and denied all the motions. *Held*, that all three motions properly were denied.

THREE INDICTMENTS, found and returned on October 7, 1925, charging the defendants with the murder of one James H. Ferneau.

The indictments were tried before *Fosdick*, J., and the defendants were found guilty on November 29, 1925. Exceptions saved by the defendants at the trial were overruled in a decision reported 256 Mass. 387. The defendants on June 16, 1926, were sentenced to die by electrocution in the week beginning August 8, 1926..

On August 10, 1926, the defendants filed the motions for a new trial described in the opinion. The motions were heard by the trial judge on August 12, 1926. The defendants presented affidavits; the Commonwealth presented none. Both the defendants' counsel and the district attorney, however, argued with respect to the report of the department of mental diseases, filed under § 100A, added to G. L. c. 123, by St. 1921, c. 415, and amended by St. 1923, c. 331. The defendant asked for the following rulings in the case of Devereaux:

"1. Upon all the evidence the defendant is entitled to a new trial.

"2. As a matter of law the evidence is sufficient as presented on the motion for a new trial to warrant a finding that Devereaux was insane at the time of the commission of the offence charged.

"3. The evidence presented on the motion for a new trial if believed and uncontradicted requires a finding that Devereaux was insane at the time of the commission of the offence charged.

"4. A new trial is necessary in this case in order to prevent a miscarriage of justice.

"5. Where a decisive or pertinent point affecting the substantial rights of a defendant in a criminal case has not been raised at the trial a new trial should be granted.

"6. If a defendant is insane at the time of the commission of a certain act with which act he is later criminally

charged and convicted he is entitled to a new trial as a matter of law if the defence of insanity is not raised at the trial.

"7.   The trial justice should as a matter of law grant a new trial to a defendant convicted of a crime if at the time of the commission of the crime the defendant was insane and if the defence of insanity was not interposed at his trial.

"8.   The defence of insanity is a decisive and pertinent point affecting the substantial rights of a defendant charged with crime.

"9.   A conviction of a person who was insane at the time of the commission of an offence is a miscarriage of justice."

The judge gave the second, third, eighth and ninth rulings, adding after the word "finding" in the second and third rulings, the words "by this court at this time," and refused to give the other rulings.

In the cases of Heinlein and McLaughlin, the defendants asked for the same rulings as those numbered 1–5, above set out, and also for the following rulings:

"6.   Where several defendants are jointly tried for murder and are convicted upon evidence which disclosed that the fatal blows were struck by one under circumstances which would render the others equally responsible with him even though they had taken no part in the actual killing if the one who struck the fatal blows was insane at the time of the commission of the offence, the others are not chargeable with the murder.

"7.   In the case at bar if at the time of the offence charged Devereaux was insane defendant is not guilty of murder in the first degree.

"8.   If three defendants are jointly tried for murder in the first degree and are convicted, the defendant who struck the fatal blows and caused the death was insane at the time of the commission of the offence, his codefendants are entitled to a new trial if the defence of insanity is not raised at the trial.

"9.   The defence of insanity is a decisive and pertinent point affecting the substantial rights of a defendant charged with crime and this applies to a case in which three defend-

ants are jointly tried for the acts of a defendant who was insane.

"10.    A conviction of two of three joint defendants tried together for the acts of a third codefendant who at the time of the commission of the offence charged is insane is a miscarriage of justice."

The judge made the same rulings as to the first five requests as he did in the Devereaux case, gave the sixth, ninth, and tenth rulings, and refused the seventh and eighth rulings.

The motions were denied.    The defendants appealed and, on September 20, 1926, presented their assignment of errors.

*F. Juggins,* (*M. Morrill* with him,) for the defendants.

*A. K. Reading,* District Attorney, for the Commonwealth.

RUGG, C.J.    These defendants were indicted and convicted of murder in the first degree after a trial free from error in law.    256 Mass. 387.    The defendants thereafter were sentenced to pay the penalty required by the statute. Then they severally filed motions for a new trial.

The motion filed by Devereaux, hereafter called the defendant, will be considered first.    It is stated in that motion that evidence has been newly discovered to the effect in substance that he was insane and "absolutely irresponsible and not appreciative of the significance between right and wrong."    The motion was accompanied by supporting affidavits.    The motion was denied after hearing. The defendant appealed.    The assignment of errors is founded on refusals to give several requests for rulings and on the denial of the motion.    St. 1925, c. 279.    No evidence as to the mental condition of this defendant was offered at the trial before the jury.    From the report of the case when here at its earlier stage, it appears that the defendant testified as a witness in his own behalf at that trial.

The granting of a new trial in capital cases on the ground of newly discovered evidence rests on sound judicial discretion.    "It is a power to be used sparingly for the protection of innocence, not to screen the guilty."    *Commonwealth* v. *Green,* 17 Mass. 515, 536, 550.    *Commonwealth* v. *Borasky,* 214 Mass. 313, 322.    *Commonwealth* v. *Russ,* 232

Mass. 58, 83. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 25, 32, 33. The governing rules of law as to motions for a new trial in capital cases are the same as in civil and in other criminal cases. *Commonwealth* v. *Madeiros,* 257 Mass. 1. *Matter of Sleeper,* 251 Mass. 6, 22. In view of the controlling principles of law, which are amplified in these decisions and which need not be repeated, it is plain that there was no error of law in the refusal to give requests for rulings, and no abuse of judicial discretion in denying the motion. *Commonwealth* v. *Morrison,* 134 Mass. 189. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496, 497.

The judge who denied the motion presided over the jury trial, saw the defendant, heard him testify in his own behalf, and of course watched his apparent mental capacity as revealed both under direct and cross-examination and by his other conduct in the court room during the trial. The judge may well have been able to form a judgment as to legal responsibility of the defendant for crime, based upon common sense inferences and intelligent observation, more reliable as a practical guide to accomplishment of justice than the refined distinctions and technical niceties of alienists and experts in psychopathic inferiority. He may have found that the affidavits were not reliable. Such a conclusion would have been within the judicial discretion of the trial court. *Commonwealth* v. *Borasky, supra. Davis* v. *Boston Elevated Railway, supra,* page 501.

There are other independent considerations which lead to the same result. It is provided by St. 1923, c. 331, amending St. 1921, c. 415, which amended G. L. c. 123 by adding § 100A, in force at the time of the homicide here in question and controlling at the time of the trial of the defendant, that any person indicted for a capital offence shall be examined by the department of mental diseases of the Commonwealth "with a view to determine his mental condition and the existence of any mental disease or defect which would affect his criminal responsibility. The department shall file a report of its investigation with the clerk of the court in which the trial is to be held, and the report shall be accessible to the court, the district attorney and to the at-

torney for the accused, and shall be admissible as evidence of the mental condition of the accused." The "department of mental diseases" has the general supervision of all public and private institutions for insane, feeble-minded or epileptic persons. G. L. c. 123, § 3. It is a matter of general knowledge that there are in the service of the Commonwealth under this department persons eminent for special scientific knowledge as to mental diseases. The examination under the statute, therefore, may fairly be assumed to have been made by competent persons, free from any predisposition or bias and under every inducement to be impartial and to seek for and to ascertain the truth. It appears from the verbatim report of what occurred at the hearing on the motion for a new trial that the district attorney in his statement and the attorney for the defendant in his rebuttal statement both referred to this examination as to the criminal responsibility of the defendant. Counsel for the defendant said, "I realize that at the time that these men were brought before the bar for trial there had been an examination by Dr. Myerson and some other doctor, that there had been an examination by those two doctors and they used the catch phrase which my brother has said was used by these other doctors who have sent affidavits in favor of the defendants. They say that he had a psychopathic inferiority, in other words, that he was not normal. The district attorney says that they said he was legally responsible. What right have they got to say that? That is for the jury."

There is but one inference to be drawn from the statute and this incident. The examination is required in order that no person so indicted may be put upon his trial unless his mental condition is thereby determined to be such as to render him responsible to trial and punishment for the crime charged against him, and that he has no mental disease or defect which interferes with such criminal responsibility. It is the duty imposed by the statute on these doctors and others similarly assigned by the department of mental diseases to say what is the mental condition of an accused and whether he has any mental disease or defect affecting his criminal responsibility. If as a result of their examination there is

no mental condition affecting his responsibility under the governing rules established by law, that will appear. It is a necessary deduction from all the circumstances that the defendant was put upon trial on the indictment because the report of the department of mental diseases upheld his criminal responsibility. He would not have been brought to trial without evidence of his mental condition if that report had not been to the effect that he was of sufficient mental power to be criminally liable for his act and was not insane. By the express terms of the statute that report is on file with the clerk of courts and is accessible to the attorney for the accused and to the court. Doubtless the judge knew of this report at the trial. It was brought to his attention at the argument of the motion for a new trial. He was justified in considering it in connection with the motion for a new trial in the circumstances here disclosed. It was already on the files of the court and made by the statute accessible both to the defendant and to the court. The judge had a right to examine the cause suggested in the motion for a new trial in the light of the contents of this report, in order to aid him in ascertaining whether justice required that there be a new trial. Constitutional or other inferiority is not the test of criminal responsibility. *Commonwealth* v. *Cooper*, 219 Mass. 1, 4. *Commonwealth* v. *Stewart*, 255 Mass. 9.

The fact that the question of insanity was not raised at the trial is no reason in and of itself for granting a motion for a new trial merely because affidavits are presented having a tendency to show insanity. Otherwise the strategy of almost every defence would be to omit any reference to insanity on the first trial and reserve that for a second trial. When such a motion is presented, it becomes the duty of the trial·judge to determine whether there is sound ground for such a defence and whether it "would or ought to produce a different result in the minds of another intelligent jury;" and this is a matter for the trial court to judge for himself in the exercise of a sound discretion. *Commonwealth* v. *Green, supra,* page 550.

The point need not be considered whether there is underlying difficulty in regarding this as newly discovered evidence,

in view of all the facts set forth in the record. Evidence unquestionably newly discovered does not always require a new trial. *Commonwealth* v. *Dascalakis, supra,* page 33. But that point need not be determined.

The question is not decided whether all the matters set out in the affidavits, if believed, constitute relief from criminal responsibility under the true rule laid down in *Commonwealth* v. *Rogers,* 7 Met. 500, and constantly followed in this Commonwealth. *Commonwealth* v. *Stewart, supra,* and cases there collected. The judge ruled in favor of the defendant on this point.

It is not necessary to discuss the requests for rulings or assignments of error one by one or in further detail. The judge stated that his denial of the motion for a new trial implied that he found that the defendant was not insane at the time of the commission of the homicide. That was sufficient reason for denial of all the requests for rulings not granted and for the denial of the motion. The requests not granted either were inapplicable in view of the fact of sanity as found, or unsound in law, or both. This record discloses no error in law and no abuse of judicial discretion.

Motions for new trial were filed by the defendants Heinlein and McLaughlin, who were found guilty of murder in the first degree at the trial with the defendant Devereaux, under statutes providing in substance that if two or more conspire to commit robbery and a homicide results, each is criminally responsible for the acts of his associates in the perpetration of the common design. G. L. c. 265, §§ 1, 17. The conviction of these two defendants rested on evidence that, although they were absolved from participation in the actual killing, the fatal blow was inflicted by Devereaux while they were engaged with him in the commission of a crime punishable by imprisonment for life. The motions for a new trial filed by the defendants Heinlein and McLaughlin rest upon the proposition that Devereaux was insane at the time the homicide was committed. The decision that there was no error in the denial of the motion of Devereaux for a new trial leaves no foundation for the motions of the other two defendants. There was no error in the denial of both these motions.

It may be said with respect to all these cases, as was said in *Commonwealth* v. *Dascalakis, supra,* page 25, "The denial of the motion for a new trial in its general aspects was addressed to the sound discretion of the trial judge. There is nothing in this record to indicate that it was not exercised in a judicial manner. There is no foundation for an inference that every consideration of justice and of substantive law was not given full weight in reaching the decision" to deny the motions.

In each case the entry may be

*Denial of motion for new trial affirmed.*