## COMMONWEALTH *vs.* NICOLA SACCO & another.

Norfolk.   January 27, 28, 1927. — April 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Practice, Criminal,* New trial, Exceptions, Judge's statement in writing. *Homicide. Evidence,* Presumptions and burden of proof, Competency. *District Attorney.*

At the hearing of a motion for a new trial of an indictment for murder, grounded upon allegations of newly discovered evidence, findings by the judge, to the effect that the truth of evidence submitted in support of the motion was not substantiated and that allegations of fact upon which the motion was based were not proved, are final.

The granting or the denial of a motion for a new trial of an indictment for murder rests in the judicial discretion of the trial judge, and his decision will not be disturbed unless it is vitiated by errors of law or abuse of discretion.

The principles of law, set out in the opinion in *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, as governing the determination in an action at law of a motion for a new trial based upon alleged newly discovered evidence, were *held* to be controlling in the disposition of a motion by the defendant for a new trial of an indictment for murder.

Before the argument, at the hearing by the trial judge of a motion by the defendant for a new trial of an indictment for murder, the defendant presented eight requests for rulings of law. Ten days later, he presented a ninth request. Subsequently, the clerk of courts received two documents; the first document was entitled "Decision" and was signed by the judge and set forth a denial of the motion and an extensive statement of reasons, from which it appeared that the judge had regarded himself as giving four and refusing four of the first eight requests for rulings, and refusing to accept the ninth request, unless, as a matter of law, he was bound to receive it, and, in that event, as denying it; the second document received by the clerk was entitled "Rulings of the Court on Defendants' Requests for Rulings," and bore no signature; this the clerk refused to show counsel because it was unsigned. Before the signature was procured, the defendants filed claims of exceptions

which treated all requests as denied. In this court the defendant contended that all requests must be treated as denied. *Held*, that the contention was without merit as to four of the requests.

At the trial of an indictment for murder, the main issue was the identity of the murderer. The defendant was found guilty and filed a motion for a new trial, based upon alleged newly discovered evidence including an alleged confession by another person, with supporting affidavits, to the effect that he and another "gang," which did not include the defendant, committed the murder. At the argument of the motion before the trial judge, the defendant asked for a ruling: "If, irrespective of the verdict in this case, a petit jury would on all the evidence now submitted be warranted in finding . . . [the alleged confessing murderer] or any member of . . . [his alleged] gang guilty of the murder . . . [described in the indictment], this motion must be granted as a matter of law." The request was denied. *Held*, that the denial was proper.

It is not imperative that a motion for a new trial of an indictment for murder based on newly discovered evidence be granted, even though the evidence is newly discovered, and, if presented to a jury, would justify a different verdict.

If the judge who presided at the trial of an indictment for murder, after he has heard a motion for a new trial based on newly discovered evidence, files a paper denominated a "Decision" in which he denies the motion and recites grounds therefor, the denial must stand if the decision contains grounds valid in law upon which it can be sustained, although the document also contains statements which are actual errors in law.

At the hearing of the motion for a new trial above described, the defendant presented affidavits by various persons reciting statements of the alleged confessing murderer to them, which affidavits were not objected to by the Commonwealth and which might have been admissible at the new trial, if such new trial were granted, to show that the alleged confession was not a recent invention or to corroborate or contradict the alleged confessing murderer if he took the stand and denied his confession. The substance of the affidavits was considered by the judge. In his "Decision" he stated that they were not affirmative evidence of the fact that the alleged confessing murderer was connected with the murder, which was the subject of the indictment, "because these affidavits are purely hearsay." The defendant alleged exception to this statement as an error of law. *Held*, that the evidence was hearsay on the point that the judge was considering and that the statement was not an error of law which would require the sustaining of the exception.

The defendant excepted to a statement in the "Decision" above described, "In seeking to set aside the verdict of the jury on the ground of newly discovered evidence (and this motion comes within that class) the law places the burden of proof upon the defendants to establish, by a fair preponderance of the evidence, the truth of the material allegations set forth in the motion." Following this statement was the sentence, "And one of the most important factors in determining these motions is the credibility of those who furnished the newly discovered evidence." *Held*, that the complete statement showed no error of law.

A ·contention by the defendant that a statement in the "Decision" above described showed that the judge based his denial of the motion on a ruling that the defendant did not sustain the burden of establishing by a fair preponderance of the evidence the truthfulness of the confession, where there was alleged newly discovered evidence as to another ground which was supported by affidavits, was *held* to be without merit, it appearing that in that part of the "Decision" the judge was dealing with one part of the issues involved in the motion, and that at the request of the defendant he ruled, "on this motion the burden is not on the defendant to prove his innocence beyond a reasonable doubt, or even to prove his innocence at all, but merely to prove by a fair preponderance of the evidence that newly discovered evidence exists of so grave, material and relevant a character as to afford a probability that it would be a real factor with the jury in reaching a decision."

A judge, who has heard a motion for a new trial of an indictment for murder, has authority in his discretion to refuse to accept a request for a ruling of law which is presented for the first time ten days after the close of arguments of counsel on the motion.

Arguments, addressed to this court by defendant's counsel at the argument of exceptions, saved by the defendant to rulings by a trial judge who heard a motion for a new trial of an indictment for murder based on the ground of newly discovered evidence, and to a denial of the motion, where the bill of exceptions included a long document, entitled a "Decision" and setting out reasoning by the judge in reaching his conclusion, *it was stated*, illustrated the force of the intimation repeated in *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, at page 494, to the effect that the embodying of the court's order in such a paper should not be encouraged, its inevitable result being to put on trial the magistrate instead of the case.

A judge who presided at the trial of an indictment for murder, in acting upon a motion for a new trial grounded upon alleged newly discovered evidence, has the right to use and rely upon his own knowledge of what took place at the trial before him.

A conscientious exercise by a trial judge, at the hearing of a motion for a new trial of an indictment for murder based on allegations of newly discovered evidence, of his right to use and rely upon his own knowledge of what took place at the trial before him, cannot be restrained by agreements of counsel not assented to by him; and the mere allowance by him of a bill of exceptions to his rulings at the hearing of the motion in which it is stated that certain previous bills of exceptions, presented to this court following the trial and the denial of previous motions for a new trial, contained all the material evidence and proceedings at the trial and on the hearing of the previous motions and that the judge "need not refer to the stenographic record upon which said bill of exceptions was based," was not an assent by the judge restraining him in the exercise of such right: a contention that in such circumstances there was error or abuse of discretion in the use by the judge of his own knowledge of the case in addition to the evidence and agreements placed before him by counsel, could not be sustained.

At the hearing by a judge, who had presided at the trial of an indictment for murder, of a motion for a new trial based on alleged newly discovered evidence, numerous affidavits were presented, and it appeared that the defendant relied on a contention that a person other than the defendant had confessed that he took part in the crime of which the defendant had been found guilty and stated that the defendant did not take part in it; that a conspiracy, to secure either the conviction of the defendant of murder as charged by the indictment, or proof that he was a dangerous radical subject to deportation or punishment under the laws of the United States, was shown to have existed between the department of justice of the United States and the prosecuting officers, and that it rendered his trial grossly unfair; and that there was such suppression by the district attorney of important identification testimony, and such use of unreliable witnesses of identification, that a miscarriage of justice resulted. The motion was denied, the judge filing an extensive document entitled a "Decision." The defendant alleged exceptions, including the "Decision" in his bill of exceptions. After careful examination. of a helpful and minute discussion contained in the brief and the argument of the defendant, a study of the numerous affidavits, exhibits and records, and the statements of the "Decision," in the light of all the argument of counsel for the defendant, this court *held,* that

(1) To sustain the exceptions, it would be necessary to decide that no conscientious judge, acting intelligently, could honestly have taken the view expressed by the trial judge;

(2) An impartial, intelligent and honest judge would be justified in finding that the alleged confession gained no persuasive force from the credibility of the confessing murderer; that the facts relied upon by the defendant in confirmation, if true, went no further than to furnish basis for a contention that the confessing murderer and some members of the gang of criminals, with which he was associated, took part in the murder described in the indictment, of which the defendant was convicted, but fell far short of furnishing adequate proof of their guilt or of establishing reasonable doubt of the guilt of the defendant;

(3) The record compelled the conclusion that no substantial evidence appeared that the department of justice of the United States had in its control any proof of the innocence of the defendant, or had conspired to secure his conviction by wrongful means; a mere belief of investigators in the defendant's innocence was not evidence which could be submitted to a jury;

(4) The judge well might refuse to believe on the evidence that the prosecuting officers sought a conviction when they had in their control evidence which strongly tended to establish innocence: nothing which the officer was bound to disclose was shown to have been concealed by him.

An officer, prosecuting an indictment for murder, is violating no canon of legal ethics in presenting evidence which tends to show guilt, while failing to call witnesses, in whom he has no confidence, whose testimony contradicts what he is trying to prove.

Placing spies in cells adjoining that of a person accused of murder, or within his family, is not an illegal method of obtaining evidence.

The weight to be given by the trial judge, at the hearing above described, to evidence of an alleged resemblance, as shown by photographs, between one who the defendant contended committed or took part in committing the murder and the defendant, and between an alleged confederate of the defendant and one who, the defendant contended, was a confederate of the murderer but not of the defendant, was for the trial judge; and he was not bound to find unfairness in the presentation at the trial of evidence in regard to the identification of persons seen taking part in the murder.

The changes of statute law which have substituted a single judge of the Superior Court for the larger number of judges formerly required to preside over capital trials have not modified the law governing the duty and the authority of, or the exercise of discretion by the presiding magistrate.

No error of law or abuse of discretion appeared in the denial of the motion above described; the denial was, in substance, a finding that the evidence submitted was not weighty and of such nature as to its credibility, potency and pertinency to the fundamental issues in the case as to be worthy of careful consideration, or so grave, material, and relevant in character as to afford a probability that it would be a real factor with the jury in reaching a decision, and that a new trial was not necessary to prevent a failure of justice.

TWO INDICTMENTS, found and returned on September 11, 1920, charging that Nicola Sacco of Stoughton and Bartolomeo Vanzetti of Plymouth on April 15, 1920, at Braintree did assault and beat Alexander Berardelli and Frederick A. Parmenter with intent to murder them by shooting them "in the body with a loaded pistol" and by such assault, beating and shooting did murder Berardelli and Parmenter. The first indictment referred to the murder of Berardelli and the second to the murder of Parmenter.

The cases previously were before this court, when, in a decision reported in 255 Mass. 369, exceptions saved by the defendants at the trial before *Thayer*, J., and at the hearing and to the denials of several motions for a new trial, were overruled on May 12, 1926.

On May 26, 1926, the defendants filed a motion for a new trial set out in the opinion. The "Medeiros" therein referred to is the same person as the Madeiros who was defendant in the indictment twice tried, and twice before this court, as reported in 255 Mass. 304, and 257 Mass. 1.

The motion was heard by *Thayer,* J.   The defendants asked for the following rulings:

"1. On all the evidence this motion must be granted as a matter of law.

"2. To deny this motion on all the evidence would be an abuse of judicial discretion.

"3. On this motion the burden is not on the defendants to prove their innocence beyond a reasonable doubt, or even to prove their innocence at all, but merely to prove by a fair preponderance of the evidence that newly discovered evidence exists of so grave, material, and relevant a character as to afford a probability that it would be a real factor with the jury in reaching a decision.   *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496.

"4. In deciding this motion it is not essential that the judge should be convinced that the verdict at a new trial would inevitably be changed by the new evidence, but merely that the evidence is weighty and of such nature as to its credibility, potency, and pertinency to fundamental issues in the case as to be worthy of careful consideration.   *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496.

"5. In passing upon a motion of the kind now before the court it is no more the function of the judge to determine the question of guilt or innocence than it is at the trial.   His duty is simply to determine whether the only authorized tribunal of fact, namely, the jury, ought to be given another opportunity of determining the question of guilt or innocence of the defendants in the light of the new evidence.

"6. In passing upon this motion the test is, might honest and intelligent men reasonably differ as to the ultimate conclusion to be drawn from the new evidence taken in connection with the old evidence?

"7. If irrespective of the verdict in this case the evidence now submitted would be sufficient to warrant a committing magistrate in finding probable cause for holding Medeiros or any members of the Morelli gang for the grand jury on a charge of murder, this motion must be granted as a matter of law.

"8. If irrespective of the verdict in this case a petit jury

would on all the evidence now submitted be warranted in finding Medeiros or any members of the Morelli gang guilty of the murder of Parmenter and Berardelli, this motion must be granted as a matter of law.

"9. To deny this motion and refuse a new trial on the facts not in dispute at the hearing of the present motion would be to deprive the defendants and each of them of liberty and life without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States."

The motion was denied. The defendants alleged exceptions.

The first paragraph of the bill of exceptions contained the statement: "It is agreed that certain bills of exceptions previously filed in this case, and dealt with by the Supreme Judicial Court in an opinion filed May 12, 1926, contain all the material evidence and proceedings at the trial of the case and on the subsequent motions for a new trial, and that they may be referred to so far as is necessary for the determination of any questions presented by this bill of exceptions." Later in the bill was the statement: "It was agreed that the court might treat the bill of exceptions heretofore filed in this case setting out matters occurring at the trial of the case, to which reference has been made above, as containing an adequate and accurate statement of all the evidence and proceedings at the trial, and need not refer to the stenographic record upon which said bill of exceptions was based." The bill was signed by the counsel for the defendants. It did not bear an assent in writing by the Commonwealth. It was "allowed" by the judge.

*W. G. Thompson & H. B. Ehrmann*, for the defendants.

*D. P. Ranney*, Assistant District Attorney, (*W. M. Wilbar*, District Attorney, & *W. P. Kelly*, Assistant District Attorney, with him,) for the Commonwealth.

WAIT, J. This case is before us upon exceptions claimed to an order denying a motion for new trial. The motion is in these words:

"Now come both defendants in the above entitled case and jointly and severally move for a new trial therein by reason of the facts set out in the affidavits of William G.

Thompson, Amleto Fabbri, Nicola Sacco, and James F. Weeks, filed herewith, and in further affidavits to be filed in support of this motion; and because it appears from the confession of Medeiros annexed to the affidavits filed herewith that these defendants did not commit the murder for which they have been tried and convicted, but that said murder was committed by said Medeiros and his associates, as stated by him."

It is, in substance, a motion for new trial by reason of newly discovered evidence. The affidavits disclose that one Medeiros has confessed that he took part in the crime of which the defendants have been found guilty and that they did not; and set out numerous statements as of fact which it is contended so substantiate the story of Medeiros that in fairness to the defendants a new trial should be granted in order that their innocence may be made to appear. They contain, also, allegations, as of fact, from which it is argued that a conspiracy to secure either the conviction of the defendants of murder as charged by the indictment, or proof that they are dangerous radicals subject to deportation or punishment under the laws of the United States, between the department of justice of the United States and the prosecuting officers of the Southeastern District of Massachusetts, is shown to have existed which rendered their trial grossly unfair. They contain, further, allegations, as of fact, which it is contended establish that there was such suppression by the district attorney of important identification testimony, and such use of unreliable witnesses of identification, that a miscarriage of justice resulted.

The defendants were found guilty on July 14, 1921. The confession was made November 18, 1925. The dates of the disclosures in regard to the alleged conspiracy and the alleged suppression and misuse of evidence, do not appear. This motion for new trial was filed May 26, 1926.

In November, 1925, Medeiros was awaiting the determination of exceptions claimed by him at a trial in which he was convicted of murder in the first degree. The presentation of the motion for new trial was delayed so that, if he secured a second trial, Medeiros might not be prejudiced by knowl-

edge that he asserted participation in another murder. He has been again convicted, and was under sentence of death when the motion was heard. No claim is made that the delay was wrongful.

The judge who presided at the trial and who heard the motion has decided that no reliance can be placed upon the alleged confession; that its truth is not substantiated by other affidavits; that the allegations of conspiracy to convict, of improper suppression of evidence and of improper use of unreliable witnesses, are not made out. These decisions are of matters of fact. Upon them the judge's findings are final. *Commonwealth* v. *Sacco,* 255 Mass. 369. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 32.

The granting or the denial of a motion for a new trial rests in the judicial discretion of the trial judge. *Commonwealth* v. *Devereaux,* 257 Mass. 391, and cases cited; and his decision will not be disturbed unless it is vitiated by errors of law, or abuse of discretion. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176.

The defendants contend that there are errors of law, and that the judge, in denying their motion, has abused his judicial discretion and demonstrated prejudice.

The law in regard to motions for new trial based upon newly discovered evidence is fully and accurately stated in *Davis* v. *Boston Elevated Railway,* 235 Mass. 482. Further discussion is unnecessary. The principles therein stated are controlling. We shall deal with the defendants' contentions in the order of presentation in their brief.

1. Before the arguments in the motion were made, the defendants filed eight requests for rulings of law and, about ten days later, they sent to the judge a ninth request to which the district attorney objected because it was filed too late. On October 23, 1926, the clerk received and filed two documents: One, entitled "Decision," in which was set forth at great length a discussion of the evidence and of the case, the reasons leading to the conclusion, and a denial of the motion; the other, entitled "Rulings of the Court on Defendants' Requests for Rulings," in which was stated the action taken on the requests. The first bore the signature

of the judge; the second bore no signature. On October 25, the defendants filed claims of exception which treated all the requests as denied; and on October 28, filed a bill of exceptions. Because it was unsigned, the clerk refused to show or to give a copy of the second paper to counsel, and none was received by counsel until October 29. On November 1, the judge signed the paper and counsel was so notified on the next day. It is now contended that all the requests must, therefore, be treated as denied. The contention is without merit. Even if the paper should not properly be treated as, in fact, authenticated by the signature upon the document which it accompanied and to which it was clearly related, it became a duly authenticated record of the judge's action when he affixed his signature. The right to complete the record was not taken away by the claim that the requests had been denied and the filing of the bill of exceptions. See *Commonwealth* v. *Carney,* 153 Mass. 444. There had been no failure to pass upon the requests. The "Decision" shows that, in fact, the judge had regarded himself as giving requests 3, 4, 5 and 6, and as denying 1, 2, 7 and 8, while refusing to accept request 9, unless, as matter of law, he was bound to receive it, and, in that event, denying it. The defendants have not been injured. They have had the benefit of the rulings to which the judge thought them entitled, and they have their exceptions to the rulings denied or rejected.

2. Requests 3, 4, 5 and 6 were not denied but were given. Request 7 is waived on the briefs. Request 8 goes beyond a logical extension of the principles laid down in *Davis* v. *Boston Elevated Railway, supra.* That case declares, page 496: " . . . it is not imperative that a new trial be granted even though the evidence is newly discovered, and, if presented to a jury, would justify a different verdict." There was no error in refusing to give the eighth request. The rule is the same even though the case is capital. *Commonwealth* v. *Devereaux, supra. Commonwealth* v. *Madeiros,* 257 Mass. 1.

3. The exceptions grounded upon what the defendants describe as "rulings of law" in the course of the discussion

contained in the paper denominated the "Decision," cannot be sustained. As was illustrated in *Davis* v. *Boston Elevated Railway, supra,* there may be actual errors of law in a written statement accompanying and explaining the order denying a motion for new trial, yet if grounds valid in law upon which the decision can be sustained are stated as the basis of the decision, it must stand.

The statement that "the Weeks affidavit and those of Mr. and Mrs. Monterio are not affirmative evidence of the fact that Medeiros was connected with the South Braintree murder because these affidavits are purely hearsay" is rather a statement of a mental process involved in their consideration than a ruling of law. Neither affiant claims any knowledge of the happenings at South Braintree other than such as was gained from what they say Medeiros told them. The evidence from their affidavits in regard to those happenings is pure hearsay. It may be admissible for the consideration of the judge, because no objection was made at the hearings; and it might be admissible at a trial to show that the confession of November 18 was not a recent invention or in corroboration or contradiction of Medeiros if he took the stand. What they say of the Morellis, their crimes and associates, and of the behavior and statement of Medeiros at other times, has its bearing upon the question of a new trial and appears to have been considered by the judge. Nevertheless the evidence was hearsay, as the judge states, on the point which he was considering. The statement is not an error of law which will found a good exception.

The contention that the judge has confused "material allegations set forth in the motion" with "the issues presented by the motion," and was in error in the statement that "In seeking to set aside the verdict of the jury on the ground of newly discovered evidence (and this motion comes within that class), the law places the burden of proof upon the defendants to establish, by a fair preponderance of the evidence, the truth of the material allegations set forth in the motion," is fully met by considering the sentence which follows: "And one of the most important factors in determining these motions is the credibility of those who furnished

the newly discovered evidence." Upon this issue the burden is clearly upon the defendants. *Commonwealth* v. *Sacco, supra,* at page 448. *Commonwealth* v. *Jordan,* 207 Mass. 259, 275.

There is nothing in the further contention of error in the statement, "As far as this court is concerned, the only question involved is, whether or not the verdicts of the jury, that have been affirmed by the Supreme Judicial Court of this Commonwealth, should be set aside on the confession of Medeiros. In other words, this court must find that the defendants have established, by a fair preponderance of the evidence, the truthfulness of the Medeiros confession."

The "Decision" makes manifest that the judge is here dealing with one part of the issues involved in the motion, that he gave the defendants' third request for instructions, and that he did not regard his determination upon the truthfulness of the Medeiros confession as decisive of all the issues presented by the motion.

4. We need not deal with the contention of the defendants that if they are entitled to a rehearing this court should order hearing before another judge.

5. The defendants contend that the judge should have given their second and ninth requests and that the refusal to grant a new trial is clearly an abuse of discretion amounting to denial of due process of law.

The judge had authority in his discretion to refuse to accept a request presented for the first time after the arguments were finished. *Commonwealth* v. *Hassan,* 235 Mass. 26, decides that the rule of practice applicable in civil actions prevails also in criminal cases. Compare Common Law Rule 44 of the Superior Court (1923). No valid exception lies to the refusal to accept request 9. Moreover, the ruling, made in the event that he should have exercised his discretion to accept it, was right. As will appear, we find no abuse of discretion.

The arguments which have been addressed to us illustrate the force of the intimation repeated in *Davis* v. *Boston Elevated Railway, supra,* at page 494, that a practice to embody the order denying a new trial in a paper like the

"Decision" here filed "should not be encouraged, for its inevitable result would be to put on trial the magistrate instead of the case."

The judge in acting upon a motion for new trial has the right to use and to rely upon his own knowledge of what took place at the trial before him. *Commonwealth* v. *Devereaux, supra. Commonwealth* v. *Dascalakis, supra. Berggren* v. *Mutual Life Ins. Co., supra. Commonwealth* v. *Madeiros, supra.* No agreement of counsel upon the truth of occurrences at the trial is binding upon him if not in accord with his knowledge. His conscientious exercise of his duty cannot be restrained by agreements of counsel not assented to by him. A refusal to be so bound is not of itself abuse of discretion nor proof of prejudice. His signature to a bill of exceptions—in which the agreement is set out in order that a full and true account of what has taken place may be presented for review — is not an assent.

The contention that there was error or abuse of discretion in the use by the judge of his own knowledge of the case, in addition to the evidence and agreements placed before him by counsel, cannot be sustained.

We have considered carefully the helpful and minute discussion contained in the brief and the argument for the defendants. We have studied the numerous affidavits, exhibits and records placed before us and the statements of the "Decision" in the light of all the arguments of counsel for defendants. It is not necessary to discuss them in detail. As already stated, it is not for us to determine what is to be believed. The question for us is: Could the judge conscientiously, intelligently and honestly have reached the result he has reached? As stated in *Davis* v. *Boston Elevated Railway, supra,* at page 502, "To sustain these exceptions it is necessary to decide that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him."

The confession of Medeiros, by itself, would not be admissible upon a trial of the defendants. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 576, (citing *Commonwealth* v. *Chabbock,* 1 Mass. 144, *Commonwealth* v. *Felch,* 132 Mass. 22, and

*Donnelly* v. *United States*, 228 U. S. 243, 273, 274, which support it) points out that at a trial for crime a confession made out of court by a third party is not admissible. An impartial, intelligent and honest judge would be justified in finding that the confession gains no persuasive force from the credibility of Medeiros; that the facts relied upon by the defendants in confirmation, if true, go no further than to furnish basis for a contention that he and some members of the Morelli gang of criminals took part in the murder at South Braintree, but fall far short of furnishing adequate proofs of their guilt or of establishing reasonable doubt of the guilt of the defendants.

He would be compelled to find that no substantial evidence appeared that the department of justice of the United States had in its control any proof of the innocence of these defendants, or had conspired to secure their conviction by wrongful means. The belief of investigators in the defendants' innocence is not evidence which can be submitted to a jury, and would not excuse failure on their part to furnish damaging evidence if they possessed it.

He well might refuse to believe on this evidence that the prosecuting officers of the Southeastern District sought a conviction when they had in their control evidence which strongly tended to establish innocence. A prosecuting officer is violating no canon of legal ethics in presenting evidence which tends to show guilt, while failing to call witnesses, in whom he has no confidence, whose testimony contradicts what he is trying to prove. Nothing which he was in duty bound to disclose is shown to have been concealed by him.

This court has already upheld the legality of the cross-examination of the defendants, *Commonwealth* v. *Sacco, supra,* at pages 438, 439, and disposed of the incident of Proctor's examination, pages 452–457.

Placing spies in cells adjoining that of an accused person or within his family, is not an illegal method of obtaining evidence.

The weight to be given to the evidence of alleged resemblance, as shown by photographs, between Joseph Morelli and

defendant Sacco, and between Stephen Benkosky and the chauffeur described by the witnesses Kelley and Kennedy was for the trial judge; nor was he bound to find unfairness in the presentation of the evidence in regard to the identification of persons seen taking part in the murder.

The changes of statute law which have substituted a single judge of the Superior Court for the larger number of judges formerly required to preside over capital trials* have not modified the law governing the duty, the authority, or the exercise of discretion of the presiding magistrate.

There is no error of law or abuse of discretion in the denial of the motion; which, in substance, is a finding that the evidence submitted was not "weighty and of such nature as to its credibility, potency and pertinancy to the fundamental issues in the case as to be worthy of careful consideration," or "so grave, material, and relevant a character as to afford a probability that it would be a real factor with the jury in reaching a decision," and that a new trial is not necessary to prevent a failure of justice. *Davis* v. *Boston Elevated Railway, supra.*

*Exceptions overruled.*

---

*See as to the prosecution for capital crimes, Rev. Sts. c. 81, §§ 3, 11, 15–17, 19; c. 136, §§ 21, 22; Gen. Sts. c. 112, §§ 2, 5, 8, 9; Pub. Sts. c. 150, §§ 2, 5; c. 213, §§ 28–30; St. 1891, c. 379; St. 1894, c. 204; R. L. c. 157, §§ 7, 8; St. 1910, 555, § 3. Reporter.