GLOBE DISCOUNT & FINANCE CORPORATION *vs.* FRANK SAWYER & others.

Suffolk.   November 5, 1934. — November 27, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE & LUMMUS, JJ.

*Equity Pleading and Practice,* Appeal, Findings by judge.

On appeal from a decree for the plaintiff in a suit in equity for the establishment and enforcement of a claim for damages resulting from a breach by the defendant of a contract to purchase goods from the plaintiff, the entire evidence was reported and warranted findings made in favor of the plaintiff, including a finding that the defendant was not legally justified in refusing to perform the contract; and it was *held* that the decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on April 17, 1933, with a writ of summons and attachment dated April 14, 1933.

The suit was heard by *Gray,* J.   The evidence was reported.   Material evidence and findings by the judge are described in the opinion.   From a final decree for the plaintiff, the defendants appealed.

*J. Brettler,* (*A. Brettler* with him,) for the defendants.

*S. T. Lakson,* for the plaintiff.

RUGG, C.J.    This suit is brought to recover damages for breach of a contract entered into between the plaintiff and the defendants Sawyer and Hodson (hereafter called the defendants) and to reach and apply certain property in payment thereof.    No issue was raised on the pleadings as to the execution of the contract.    By its terms the plaintiff was to sell and the defendants were to buy and pay a stipulated price upon specified terms for certain personal property.    Papers were to be deposited in escrow and a partial payment was to be made on January 19, 1933.    The transaction was to be consummated at nine o'clock in the forenoon on January 20, 1933.    The case was heard upon oral testimony.    All the evidence is reported.    The trial judge made these findings: "At a conference on January 19, 1933, the parties orally agreed to meet at nine o'clock the following morning to carry out the agreement referred to in paragraph 2 of the bill of complaint.    The plaintiff had theretofore acquired title to the property referred to in the agreement and on January 20 at the appointed time was otherwise able and willing to carry out the contract.    The defendants Sawyer and Hodson without legal justification refused to perform the contract and are therefore liable to the plaintiff for the damages resulting from their breach of the contract.    I find damages in the sum of $6,000."    A decree was entered in favor of the plaintiff in conformity to the findings.    The defendants appealed.

The findings are abundantly supported by the evidence. They must be accepted as true.    The defendants argue that the obligations of the contract were temporarily suspended by the issue of a restraining order against the sale by the plaintiff on a suit against it by some third person. There is no finding touching such restraining order.    There was evidence to the effect that no such restraining order was issued, served upon the plaintiff or known to the defendants until after they had refused without justification to perform the contract.    The finding of the judge imports

that no restraining order had anything to do with the refusal of the defendants to perform the contract. There were no unperformed conditions precedent to obligation of the defendants to carry out their part of the contract. There was ample evidence that the defendants peremptorily refused to make the cash payment due from them at the time specified or to do the other things required of them. The decision of the case turned wholly upon findings of fact. Those findings were in favor of the plaintiff. In reaching that result no error of law is disclosed on the record. Every contention of the defendants is plainly without merit.

*Decree affirmed with costs.*