JOHN NICOLI *vs.* GUSTAV BERGLUND.

— SAME *vs.* HENNING W. SWENSON & another.

Middlesex.   November 8, 1935. — February 24, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Findings by judge, Requests, rulings and instructions, New trial.  *Evidence,* Presumptions and burden of proof, Affidavit.

A general finding by a trial judge imported the finding of a subsidiary fact necessary thereto, and there was no error in the denial as inapplicable of a request for ruling based upon a contrary assumption of fact.

On a motion for new trial of an action heard without jury, based upon an allegation that after the trial the judge had had an altercation with a person having a common interest with the losing party and thereby had become biased, it appearing that the judge had made his decision before the date of the alleged altercation, there was no error in the denial of the motion.

At the hearing of a motion for new trial of an action supported by affidavit, the trial judge need not allow the affiant also to testify orally; the judge was not required to believe the affidavit though it was uncontradicted; and in deciding the motion he was entitled to draw upon his own knowledge and observations concerning the case.

TWO ACTIONS OF TORT.   Writs in the Third District Court of Eastern Middlesex dated October 5, 1934.

The actions were heard in the District Court by *Green,* J., who found for the plaintiff in each action in the sum of $6,780, and denied the defendants' motions for new trial. A consolidated report was ordered dismissed by the Appellate Division for the Northern District.   The defendants appealed.

*Joseph P. Sullivan,* for the defendants.

*J. G. Ashe, S. S. Epstein, & H. Klein,* for the plaintiff, submitted a brief.

RUGG, C.J.   These are two actions of tort whereby the plaintiff seeks to recover compensation for injuries to his person and for damage to an automobile owned by him as the result of a collision with a motor vehicle owned by

the defendants, in one case, and negligently operated by their agent, one Berglund, in the course of his employment, the defendant in the other case. The cases were tried in a district court before a special justice. There was evidence tending to show that upon a public way the plaintiff, operating his automobile, and the defendant Berglund, operating an automobile truck owned by the other defendants, were approaching each other. The plaintiff was driving on his right hand side of the road. At his right was a stone wall. Berglund was driving on his left hand side of the road in the path of the oncoming automobile of the plaintiff and was not looking ahead but into a field at his left. The truck was moving at a speed of about thirty-five miles an hour. The plaintiff reduced the speed of his automobile and sounded the horn continuously, but the defendant Berglund continued in the same course. When the two motor vehicles were about fifteen or twenty feet apart, the plaintiff, in an effort to avoid collision, turned sharply to his left. At the same moment Berglund turned sharply to his right. The two motor vehicles came together in the middle of the road and both went six to eight feet before stopping. When the motor vehicles stopped, the right front wheel of the truck "was over about one foot on the shoulder on the right side off the macadam and the right rear wheel of the . . . truck was at the edge of the macadam and the front of the plaintiff's automobile was up against the left side of the . . . truck."

The defendants requested several rulings of law, which were denied. The only ones now argued were presented in each case and are these: "If the plaintiff violated c. 89, § 1, such violation is evidence of negligence and if it contributed to the accident the plaintiff cannot recover." "As the plaintiff violated c. 89, § 1, such violation is evidence of negligence and as it contributed to the accident the plaintiff cannot recover." It is provided by G. L. (Ter. Ed.) c. 89, § 1, that "When persons traveling with vehicles meet on a way, each shall seasonably drive his vehicle to the right of the middle of the traveled part of such way, so that the vehicles may pass without interference." *Gal-*

· *lagher* v. *Wheeler*, 292 Mass. 547, 554. These requests were denied as inapplicable to the facts found. The trial judge found that the injuries to the plaintiff were caused solely by the negligence of Berglund while acting on the business of his employers, the other defendants, and that the plaintiff was in the exercise of due care, and assessed damages in a substantial sum in favor of the plaintiff.

The general finding for the plaintiff in each case imports a finding of all subsidiary facts necessary to that conclusion. *Adams* v. *Dick*, 226 Mass. 46, 53. *Engel* v. *Checker Taxi Co.* 275 Mass. 471, 475. *Mahoney* v. *Norcross*, 284 Mass. 153. *Wood* v. *Oxford*, 290 Mass. 388. Whether or not there was a violation of the statute was a question of fact. *Patrican* v. *Garvey*, 287 Mass. 62. The general finding for the plaintiff implied a specific finding that the plaintiff did not violate the law of the road. The requested rulings thus were inapplicable to the facts found. *Globe Discount & Finance Corp.* v. *Sawyer*, 288 Mass. 431. There was no error of law in the denial of the requests.

Motion for a new trial supported by affidavit was filed in each case, based on alleged bias and prejudice on the part of the trial judge against the insurance company which had insured the motor truck involved in this collision. The substance of the motion and affidavit was that, on December 14, 1934, after the trial of the cases at bar and before the findings were filed, the trial judge, while engaged as an attorney for a plaintiff in the trial of a case in which the same insurance company was insurer for the defendant, became incensed because of the failure of that insurance company to give him certain information, and used language and a tone of voice expressing great displeasure and perhaps anger, and indicating a disposition to punish that company, thus demonstrating his hostility to it. These motions were heard before the trial judge. At that hearing the defendants offered as a witness the person who had made the affidavit and made offer of proof that, if sworn, his testimony would be as set forth in his affidavit. The trial judge refused to permit the affiant to be a witness; the defendants duly requested a report of this ruling. No

evidence appears to have been introduced at the hearing outside the affidavit. The motions for new trial were denied. The trial judge filed in each case a statement of facts to which was annexed an affidavit of the assistant clerk of the court. The statement of facts in substance was that his findings in the cases at bar had been made in writing on December 12, 1934, before the date mentioned in the affidavit attached to the motions; that the findings thus made were filed unchanged except that a "7" was written over "2" in the date, making it December 17, instead of December 12, "which is clearly apparent on the record"; and that "The affidavit . . . is grossly exaggerated and distorted. On the occasion in question . . . I made no criticism of any person or persons, except my own client and the inference attempted to be drawn in said affidavit is wholly false and misleading and in no sense justified by the actual occurrence on December 14th. This occurrence had no bearing, directly or indirectly, on my decision . . . which had been made on December 12th." The affidavit of the assistant clerk of courts was to the effect that the findings in the cases at bar were to his knowledge committed to writing on December 12, 1934, and were unchanged except as to date when filed on December 17, 1934.

These motions having come on to be heard before the trial judge, he was bound to hear and decide them according to the law and the evidence although they concerned in some respects his personal conduct. He must hear them as a judge and not as a person attacked or in any sense an antagonist. The principles of law as to burden of proof and preserving judicial poise must be scrupulously observed. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495–502.

There was no error in refusing to hear the oral testimony of the affiant on the motions for new trial. *Scott* v. *Bevilacqua*, 226 Mass. 554, 559; *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London*, 281 Mass. 303, 307; *Commonwealth* v. *Millen*, 290 Mass. 406, 410.

A judge has a right to draw upon his own knowledge of the course of the trial, and upon his observations in decid-

ing a motion for a new trial. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32–33. *Commonwealth* v. *Devereaux*, 257 Mass. 391, 395. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 257. In the cases at bar there is no contention that during the course of the trial any bias or prejudice was displayed or existed. The conduct which is assailed took place after the trial was completed. The affidavit, although uncontradicted, need not be accepted as true. Its credibility was for the trial judge. *Commonwealth* v. *Crapo*, 212 Mass. 209. *Commonwealth* v. *Gwizdoski*, 284 Mass. 578, 581. The affidavit itself was highly argumentative. It related to a state of mind which came into existence by reason of events occurring after the conclusion of the trial. It had nothing to do with the parties to the cases at bar. The alleged bias and prejudice existed with reference, not to the defendants, but to their insurer. The affidavit showed that two other persons were present at the time the incident occurred. No affidavit was presented from either of them. Essential facts of the affidavit were contradicted in the statement filed by the judge. That statement showed that by no possibility could the incident have had any effect upon the decision of these cases, which had been committed to writing before it occurred and in that form was filed. The supporting affidavit of the assistant clerk is disregarded. Without passing upon its propriety, it is enough to say that the defendants have not been injured thereby. It added nothing to the facts contained in the statement of the trial judge, which were within his personal knowledge and upon which his action manifestly was based. In relying upon his own knowledge of the trial there was no violation of the general principle that a case should be decided upon the evidence presented. *Crockett* v. *Snow*, 258 Mass. 133. *Commonwealth* v. *Sacco*, 259 Mass. 128, 140.

There appears to be no reason to doubt the facts recited in the statement of the trial judge as to the time when the cases at bar were decided. That being accepted as true, the matter now urged could not have affected the decision of the cases at bar. If the affidavit in support of the motions be taken as modified by the statement of the judge,

nothing more appears than an unwarranted and indiscreet exhibition of temper arising out of an incident occurring after the cases at bar were decided, unfortunate but not affecting the merits of the trial of these cases. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 34. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 432–433. *Thomajanian* v. *Odabshian*, 272 Mass. 19, 23. *Ott* v. *Board of Registration in Medicine*, 276 Mass. 566, 574–575. *Lennox & Briggs Co.* v. *First National Bank of Boston*, ante, 139, 141–142. The general rule is that motions of this nature are addressed to the sound judicial discretion of the trial judge. There is nothing in this record to show abuse of discretion or error of law. His findings of fact are final. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482. *Costello* v. *Hayes*, 249 Mass. 349, 356. *Restuccia* v. *Bonner*, 287 Mass. 592.

In each case the entry may be

*Order dismissing report affirmed.*