*Southern Division*

**ROBERT O. SWARTZ,** d/b/a
**v.**
**MOREL M. KESSEL**

*P*resent: Nash, P.J., Cox & Sgarzi, J.J.

Case tried to *Colten J.* in the Municipal Court of Brookline. No. 1115 of 1960.

*Sgarzi, J.* The plaintiff sues in contract to recover the sum of $223.13 for goods sold and delivered. The answer is a general denial, allegation of payment, defective materials and the Statute of Frauds. *At the trial there was evidence that the* plaintiff was in the business of selling paint and wall paper and had furnished wall paper to a corporation known as Dorchester Bay Realty, Inc. during the period between March 9, 1960 and June 4, 1960. In July 1960 plaintiff went to the office of the corporation to seek payment of the sum of $134.98 which was owed him at that time. He met the defendant there who told him that he was also a creditor of the corporation, that the corporation was in financial difficulties and that he, the defendant was trying to straighten out things so that all creditors could be paid. He stated that the corporation had a house which was in process of being sold to a Mr. Tobin and asked the plaintiff to supply the house with wall paper. The plaintiff stated that he would not supply any more wall paper to the corporation because of his experience up to that time whereupon the defendant said that if the plaintiff did supply the wall paper for the Tobin house he, the defendant would personally guarantee payment ten days after delivery. The plaintiff then furnished the wall paper and two weeks later went to see the defendant to obtain payment. The defendant denied say-

ing that he would pay within ten days but stated that if the plaintiff had patience he would be paid. A month later the plaintiff again went to see the defendant and asked for payment but payment was refused and the plaintiff was ordered from the premises.

On cross examination the plaintiff testified that he had entered the cost of the wall paper furnished to the Tobin house on his books as a charge against Dorchester Bay Realty, Inc.; that he had never entered the defendant on his books as a debtor nor mailed to him any bills or statements of account. He also stated on cross examination that in February 1961 he filed a proof of claim in bankruptcy proceedings against Dorchester Bay Realty, Inc. in which he listed his claim as $358.11 a sum which included both the amount owed him by the corporation prior to furnishing the wall paper and the claim for wall paper furnished to the Tobin house.

At the close of the evidence the defendant made four requests for rulings of law. The first and second were granted, the third denied, and the fourth declared inapplicable in view of the findings. The essence of the third and fourth requests was that the evidance required a finding for the defendant because the goods were sold to Dorchester Bay Realty, Inc. and the alleged promise of the defendant to pay for them is not enforceable by reason of General Laws Chapter 259 Section 1, Second.

The Court made the following "Findings":

"I find that the plaintiff had been supplying wall paper to the Dorchester Bay Realty Co., that the defendant who was a large creditor of said Company requested the plaintiff to supply the wall paper for the Tobin house which was being furnished and the defendant hoped upon its sale, to obtain payment which was due him from said Realty Company; that the plaintiff refused to supply the paper to the Dorchester Bay Realty Co. because of past experience; that the defendant asked the plaintiff "to go ahead and supply the paper and that he would personally guarantee payment and that payment would be made ten days after delivery;" I further find that though the plaintiff billed the Dorchester Bay Realty Co., the plaintiff supplied the Tobin house solely on the promise of payment by the defendant and find said promise was an original one and not collateral or conditional. I therefore find for the plaintiff."

A motion for new trial filed by the defendant was denied and the defendant claims to be aggrieved by this denial and by the refusal of the Court to grant his third and fourth requests for rulings of law.

A motion for new trial is addressed to the sound discretion of the Court and its denial presents no question of law unless that discretion has been abused. *Nicoli v. Berglund*, 293 Mass. 426; *Restuccia v. Bonner*, 287 Mass. 592.

There is nothing in the Report to suggest that the denial of the motion for new trial

was not within the bounds of the discretion.

The real question presented by the Report is whether the promise of the defendant with regard to payment for the wall paper which the plaintiff furnished to the so called Tobin house was an original one or was a promise to pay the debt of another. G.L. c. 259, §1 provides that:

> No action shall be brought to charge a person upon a special promise to answer for the debt, default or misdoings of another unless the promise, contract, or agreement upon which the action is brought or some memorandum or note thereof is in writing or signed by the party sought to be charged or by some person authorized by him.

The statute has application to promises of payment of obligations which have been incurred and are owed by others. If the promise was an original one, made by the defendant for his own benefit, the statute has no application and no writing is required. *Perkins v. Littlefield*, 5 Allen 370; *Alger v. Scoville*, 1 Gray 391; *Hammond Coal Co. v. Lewis*, 248 Mass. 499.

In the case of *Duca v. Lord*, 331 Mass. 51, it is said that to come within the statute a promise must be "to answer for the debt, default or misdoings of another, it is essential that a primary obligation of some kind shall be incurred in order to bring the case within the statute. If liability on the part of the person for whose debt one has promised to

answer never existed, the statute has no application."

In the instant case, the wall paper which the plaintiff supplied to the Tobin house was not furnished at the request of the Dorchester Bay Realty Inc. but at the request of the defendant and there is no evidence that the defendant had authority to bind the corporation. In these circumstances although the plaintiff may have carried the charge for the goods as a matter of accounting in the name of the corporation or that he included the charge in his proof of claim in the bankruptcy proceedings against the corporation, he never had a claim against the corporation which could become the subject of a promise to pay by the defendant within the meaning of the statute. We are therefore not dealing with an undertaking or promise to pay the debt of another because there never was a debt of another. On the other hand the defendant in inducing the plaintiff to supply the wall paper derived a direct benefit since his declared purpose was to put the house in a condition where it could be sold and funds produced out of which he could obtain payment of his own substantial claim against the corporation. Therefore there was ample consideration to support his promise to pay for the wall paper.

We are of the opinion that the finding of the court that the promise of the defendant was an original one and not collateral or conditional was amply supported by the evidence,

and the denial of the defendant's third and fourth requests for rulings of law shows no prejudicial error. *The Report should be dismissed.*

Harry Corin, of Boston, for the Plaintiff.
Max L. Rubin, of Boston, for the Defendant.