## MILLAUDON *v.* NEW ORLEANS INSURANCE COMPANY.

Where sugar and molasses contained in a sugar-house, and covered by an ordinary fire policy, are destroyed by an explosion of the steam boilers used in manufacturing sugar, the damage having been produced by the explosion, and not by fire, the insurers will not be responsible. *Per Curiam:* The chances of loss from explosion, are not the same as those from fire.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Carter* and *Grymes*, for the appellant. *Benjamin* and *Micou*, for the defendants. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This is an action to recover from the defendants the value of a quantity of sugar and molasses, destroyed in the sugar house of the plaintiff, by the explosion of the steam boiler which was used in the manufacturing of sugar, the loss being alleged to have been caused by fire. The sugar and molasses was covered by an ordinary fire policy, and the value of the articles destroyed is proved to be $6,500. The district judge being of opinion that the loss was not within the policy, gave judgment for the defendants, and the plaintiff has appealed.

The damage done by the accident is confined exclusively to that produced by the explosion, none having been done by fire. The district judge was of opin-

MILLAUDON
*v.*
ORLEANS INSU-
RANCE CO.

ion that there is a material difference between the risk of explosion of a steam boiler and that of fire, and that this difference is established by the popular and ordinary meaning attached to each; and, if in a policy on articles in a manufactory worked by steam power it was intended to cover a loss by explosion, when there was no conflagration, an additional premium would be asked by the insurers. We concur in this opinion, and it is supported by the obvious fact that the chances of loss by explosion are not the same as those from fire, the former being dependant on the condition of the machinery, the mode in which it operates, and the care and attention with which its operation is overlooked.

Steam has been for years the motive power in manufactories in England and parts of the United States, and accidents by explosion have often occurred. As has been observed by the district judge, it is remarkable that no case has been found in which a recovery has been had on a fire policy for a loss by explosion. It is but fair to infer that the risks are considered as different.

The counsel for the plaintiff has referred to the case of the steamer Lioness, reported in 11 Peters, 213. The insurance was on the Lioness, which was destroyed in Red river, by the explosion of gunpowder, with which she was partly loaded, which explosion was charged to have been occasioned by the carlessness and neglect of her officers and crew, in carrying a lighted candle or lamp in the hold. The steamer was insured against fire, and the court was opinion that, as the explosion, as stated in the pleas, was caused by fire, the latter was the proximate cause of the loss. We do not think that there was any thing decided in that case which is applicable to the facts of this. So far as relates to the insurance, we are unable to distinguish a loss occasioned by the explosion of the boiler, from that caused by the breaking or derangement of any other part of the machinery.

*Judgment affirmed.*