John Gibbons

v.

The German Insurance and Savings Institution, of Quincy, Illinois.

*Fire Insurance—Loss Caused by Steam.*

1. An ordinary fire insurance policy does not cover a loss caused by escaping steam from a break in steam-heating apparatus.

2. The word fire does not include heat of a degree too low to cause ignition.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. John Gibbons and Armand F. Teefy, for appellant.

It is not claimed that a person may recover for damages done his property by steam. What we claim is, that if steam escapes from its regular channel, and it is hot enough and dry enough to burn, and it does, in fact, burn, the damage which it occasions is a damage by fire. And we further claim that whether it is hot enough and dry enough to burn is a question of fact for the jury, upon the same principle that it is a question of fact for the jury to determine from the evidence whether a person who takes his own life has committed an act of suicide, which requires will and intelligence, or an act of self-destruction, which requires neither will nor intelligence.

It is not necessary to enter into a learned dissertation in respect to the component parts of steam, because common

sense teaches us that fire and water are its principal elements; hence, if we show that the element of fire was the controlling element which did the damage, and that it was the proximate cause of the damage, then, under the authorities, plaintiff is entitled to recover, notwithstanding there was no ignition. With respect to the principle of ignition, our own Supreme Court was the first to lift the law of fire insurance out of the rut of ages, and in Case v. Hartford Fire Insurance Co., 35 Ill. 676, Mr. Justice Trumbull, delivering the opinion of the court, declared that "the idea there can be no loss by fire without actual ignition, is so unreasonable, to my mind, that, but for the respectable authorities that have vouched for the position, I should not have thought it worthy a moment's consideration." The editor of the thirteenth edition of Greenleaf on Evidence, Judge James Wilder Moy, commenting on this case, says that "the doctrine of the Illinois case seems to have the better support, both of reason and authority." 2 Greenl. Ev., 13th Ed., 405.

The case in hand differs from that of Austin v. Drew, 4 Camp. 360. Chief Justice Gibbs in that case, said: "Had the fire been brought out of the flue, and anything had been burned, the company would have been liable. But can this be said when the fire never was at all excessive, and was always confined within its proper limits?" The "proper limits" for the steam conducted in plaintiff's room was the coil of pipe. It escaped from there, got beyond its proper limits and burned the plaintiff's property; therefore the defendant is liable, even upon the principle announced in Austin v. Drew, *supra*. See Spensley v. Lancashire Ins. Co., 54 Wis. 433.

No appearance for appellee.

GARY, J.   The only question in this case is, whether damage to the furniture and library of the appellant, caused by steam escaping from a break in the pipes of the apparatus by which his rooms were heated, thereby producing such a degree of heat in his rooms that the furniture and books therein were charred, is a damage by fire, covered by an ordinary fire insurance policy issued by the appellees. There is no case found where that question arose. Where there is actually a

fire by which adjoining premises are being consumed, and the policy makes it the duty of the assured, in case of exposure to damage by fire, to use all possible diligence in saving the property insured, it is held in Case v. Hartford F. I. Co., 13 Ill. 676, that damage to the insured property, incurred in *bona fide* efforts to comply with the terms of the policy, is covered by the policy. But there is no resemblance between that case and this. In principle this case is the same as Austin v. Drew, 4 Camp. 360, where, by the omission to open a register in an upper story of a seven or eight story building, smoke and heat came into lower stories and caused damage. Gibbs, C. J., said: "There was no fire except in the stove and the flue— as there ought to have been—and the loss was occasioned by the confinement of the heat. Had the fire been brought out of the flue, and anything had been burnt, the company would have been liable. But can this be said where the fire never was at all excessive, and was always confined within its proper limits? This is not a fire within the meaning of the policy, nor a loss which the company undertakes to insure against. They may as well be sued for the damage done to drawing room furniture by a smoky chimney."

The damage there, was the consequence of negligently omitting to open a proper outlet for the escape of the heat; here, by the accidental opening of an improper one. In each case there was excessive heat, but no fire where it ought not to have been. Fire and heat are not one, but cause and effect; and damage by heat is not insured against in terms, and is covered by the policy only where the misplaced fire causes it. If the fire were a moral agent, no blame could be imputed to it. It was doing its duty and no more. The damage was caused by another agent who, undertaking to transmit the beneficial influence of the fire, broke down in the task.

So, in Millaudon v. N. O. Ins. Co., 4 La. Ann. 15, a loss by explosion of a steam boiler is held not to be a loss by fire, though without fire there could have been no steam; while in Waters v. Merchants' Ins. Co., 11 Pet. 213, an explosion of gunpowder is held to be a loss by fire, but there the thing exploding was afire.

The common understanding of the word fire would never include heat, short of the degree of ignition, however produced.

*Judgment affirmed.*