No. 19,057.

M. T. McGRAW, as Trustee, etc., *Appellee,* v. THE HOME INSURANCE COMPANY OF NEW YORK, *Appellant.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Laundry—Steam Boiler Ruined by Heat—Company Not Liable.* Evidence that when the person in charge of a steam boiler used in a laundry left it at night it was over half full of water, the gas by which it was heated being turned off, and was then in good condition, and that when the building was unlocked the next morning no fire was burning under the boiler, but it was empty of water and was ruined by the action of excessive heat, nothing being shown as to whether any one connected with the business returned during the night, does not justify an inference of an intentional injury to the property having been done by some one who gained wrongful entrance to the building.

2. SAME. A company issuing a policy of insurance against direct loss by fire is not liable thereon for an injury occasioned to a steam boiler through its negligent management by some one connected with the business.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed December 12, 1914. Reversed.

*M. A. Fyke,* and *E. L. Snider,* both of Kansas City, Mo., for the appellant.

*B. H. Turner,* and *Clarence Spooner,* both of Newton, for the appellee.

The opinion of the court was delivered by

MASON, J.: M. T. McGraw recovered upon a fire insurance policy on account of the injury done to a steam boiler by the application of fire which was excessive in view of an insufficient supply of water. The defendant appeals, maintaining that under the pleadings and evidence it appeared that the fire which caused the loss was not of a kind insured against, being of a "friendly" and not of a "hostile" character, as these terms are used in that connection.

The boiler was a part of the equipment of a laundry, the fuel used being gas. The petition alleged that on the evening before the injury the boiler was filled with water, all fires extinguished, and the building closed for the night; that on the next morning it was discovered that the boiler had been emptied by some one unknown to the plaintiff or his employees, after which a fire had been started and kept burning until the boiler had been completely ruined. A witness for the plaintiff testified that he had "complete charge" of the boiler, as engineer and fireman; that he had left the boiler at night in good condition, over half full of water, with the fire extinguished, and found it when he opened the building early the next morning empty and ruined by excessive heat, no other change in conditions being apparent. This was substantially all the evidence tending to show how the damage was done. The plaintiff practically concedes that no liability attaches to the insurance company if the person employed to operate the boiler intentionally applied the fire to it, and the loss was occasioned by his mismanagement, for instance, in allowing the supply of water to be exhausted. But he contends that the evidence justifies a finding of fact, which the court must be deemed to have made, that after the building had been closed for the night some one not connected with the business effected an entrance, lighted the gas under the boiler and emptied it

of water, either by draining it off or converting it into steam which was allowed to escape, and then left, after extinguishing the fire, having permitted it to burn long enough to injure the boiler beyond repair.

The leading case on the liability of an insurer for the effects of a fire purposely maintained by the insured is *Austin v. Drew,* 4 Camp. 360, which has met with general approval. There an employee in a sugar factory neglected to open a register, and as a result a quantity of sugar was damaged by being overheated. The insurance company was held not to be liable. That decision was distinguished in *O'Connor v. Queen Ins. Co.,* 140 Wis. 388, 122 N. W. 1038, where the policy was held to cover loss by smoke, soot and excessive heat due to the use, through the mistake of an employee, of unusually inflammable materials, intended for another purpose, in a furnace, although no fire escaped from it. The authorities on the subject are fully collected and reviewed in the Wisconsin case and notes thereto. (See Notes, 133 Am. St. Rep. 1087; 17 Ann. Cas. 1125; 25 L. R. A., n. s., 501.)

The present controversy is as to the origin of the fire that caused the injury. If the loss was due to the want of skill or care on the part of the person in charge of the boiler, or of interference with its management by some other employee, there was no liability on the policy. If some one who desired to injure the plaintiff's property gained unlawful entrance to the building, drained the water from the boiler, lit the gas under it, waited until his fell purpose was accomplished, carefully turned off the gas, and then withdrew without leaving any other trace of his presence, doubtless the fire he kindled would be regarded as a hostile one, such as to render the insurance company liable. Such a theory of the facts presents features of so great inherent improbability that it ought not to be adopted unless upon evidence tending to exclude any more reasonable hypothesis. Here there was no testimony whatever

from any one engaged in the actual operation of the laundry, excepting the witness already referred to. It was agreed that the proprietress was the last to leave the building on the night in question, and that she locked it. But whether any one engaged in the business returned during the night was not shown. Nor was there evidence as to the ease or difficulty of gaining admission, or the probability of an unlawful entrance having been effected without traces of it being left, or of any motive for such an intrusion. We can not think an inference of malicious injury by an outsider fairly deducible in this situation. It results that the judgment must be reversed and the cause remanded with directions to render judgment for the defendant.