HELEN E. ELLIS *vs.* NORWICH UNION FIRE INSURANCE SOCIETY, LIMITED.

Suffolk.   March 18, 1927. — May 19, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Fire.

At the trial of an action upon a policy issued to the plaintiff against "loss or damage by fire originating from any cause except invasion, foreign enemies, civil commotions, riots or any military or usurped power whatever," there was evidence that the plaintiff, intending to make a soup, had put into an aluminum pot the necessary ingredients therefor and had placed it over a "fairly hot" flame on a gas stove in her kitchen, and then, forgetting it, had left the house for a period during which a neighbor called the fire department, a member of which saw in the kitchen where the smoke was thick a pot over the gas flame from under the cover of which smoke was forcing itself, and under the cover a solid black crinkled mass, but saw no flame except that from the gas burner. The premises were damaged. A duly qualified expert in physics and chemistry testified that, in his opinion, if the materials described were put into a pot similar to the one exhibited, and placed over a fairly hot gas flame for the period of time shown, there probably would be a flame inside the pot if there were no cover on it, and if the cover were on there probably would be a flame from the gases as they emerged from the pot,

which flame in either event would be separate and apart from the flame of the gas stove. *Held,* that

(1) A finding was warranted that a fire separate and distinct from the gas flame had existed either in or outside of the pot;

(2) If the jury so found, a further finding was warranted that damage was caused by a fire separate and distinct from the gas flame;

(3) The plaintiff's negligent conduct did not prevent her from recovering.

CONTRACT upon a policy of fire insurance described in the opinion. Writ dated October 27, 1925.

In the Superior Court, the action was tried before *Flynn,* J. Material evidence is stated in the opinion. At the close of the evidence for the plaintiff, the jury, by order of the judge, returned a verdict for the defendant and the judge reported the action to this court for determination, with an agreement by the parties that if the ordering of the verdict was correct, judgment was to be entered thereon; but otherwise judgment was to be entered for the plaintiff in the sum of $350 with interest and costs.

*C. S. Bolster,* for the plaintiff.

*W. L. Came & D. M. Came,* for the defendant, submitted a brief.

SANDERSON, J. This is an action of contract to recover on three policies of fire insurance, in the Massachusetts standard form prescribed by G. L. c. 175, § 99, insuring a dwelling of the plaintiff, in Belmont, against "loss or damage by fire originating from any cause except invasion, foreign enemies, civil commotions, riots or any military or usurped power whatever."

At about 8:30 in the morning the plaintiff, intending to make a soup, put into an aluminum pot the necessary ingredients therefor and placed it over a "fairly hot" flame on the gas stove in the kitchen. She then did some work about the house and went to Boston, forgetting that the pot was on the stove. A neighbor, who saw dense smoke coming from the open windows of the house, rang the fire alarm at about eleven o'clock. A witness connected with the Belmont fire department, hearing the alarm, went to the plaintiff's house, and saw in the kitchen where the smoke was thick a pot from under the cover of which smoke was forcing

itself. This pot was then on the stove over the gas flame. He removed the cover and saw therein a solid black crinkled mass, but saw no flame except that from the gas burner. The pot and contents, substantially as they were when the plaintiff returned to her home soon after the firemen had gone, were introduced in evidence. A duly qualified expert in physics and chemistry testified that, in his opinion, if the materials described were put in a pot similar to the one exhibited, and placed over a fairly hot gas flame for the period of time in question, there probably would be a flame inside the pot if there were no cover on it, and if the cover were on there probably would be a flame from the gases as they emerged from the pot, which flame in either event would be separate and apart from the flame of the gas stove. Evidence of damage to the house by smoke was introduced. In compliance with the direction of the trial judge, the jury returned a verdict for the defendant and the case was reported to this court with an agreement relating to the entry of judgment.

The plaintiff does not contend that she can recover under these policies if the only fire was the flame of the gas stove, but that she has a right of action if she proves damage from a separate and distinct fire either in the pot or from the gases escaping therefrom.

Upon the evidence the jury could have found that a fire separate and distinct from the gas flame had existed either in or outside of the pot. In *Way* v. *Abington Mutual Fire Ins. Co.* 166 Mass. 67, the plaintiff recovered for injury to his house caused by smoke produced by a chimney fire which caught from a fire in a stove connecting with the chimney. The court said, at page 73, "A chimney is not intended to be used as a place in which to kindle fires, or to have fires for use or enjoyment in connection with the occupation of a building"; and at page 74, "We are inclined to the opinion that a distinction should be made between a fire intentionally lighted and maintained for a useful purpose in connection with the occupation of a building and a fire which starts from such a fire without human agency in a place where fires are never lighted nor maintained."

The defendant contends that the foregoing case should be distinguished because fires in chimneys are only occasional, the soot therein is foreign to the object of the fire and the person lighting a fire in a stove may or may not know of the existence of such soot. While the cooking of food is a matter of frequent occurrence, the things to be cooked are the intended objects of the fire and the plaintiff must have known that what she did would cause damage if mismanaged.

The plaintiff's negligent conduct does not prevent her from recovering. There is nothing to show that she intended to have any fire except the flame of the gas stove. *Johnson* v. *Berkshire Mutual Fire Ins. Co.* 4 Allen, 388. *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570. *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 598. Notwithstanding the suggestions for distinguishing *Way* v. *Abington Mutual Fire Ins. Co.*, *supra*, we are of opinion that the principle there enunciated is controlling in the decision of this case, and that the defendant would be liable if the jury found that the damage was caused by a fire separate and distinct from the gas flame. The case should have been submitted to the jury on the question of the defendant's liability.

In accordance with the terms of the report, judgment is to be entered for the plaintiff for $350 with interest and costs.

*So ordered.*