JACOB FISHER *vs.* LOUIS KATLER.

Hampden. September 22, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Equity Jurisdiction*, Specific performance. *Frauds, Statute of. Contract*, Validity, Consideration.

A tenant in common of real estate which was subject to a mortgage, who was in possession of a store thereon, orally agreed with his cotenant that, if the cotenant would not bid at a sale of the real estate to be held in foreclosure of the mortgage, he would give him a note for a certain sum secured by a second mortgage on the property. The cotenant did not bid, the tenant in possession bought at the sale and then refused to give the promised note and mortgage. In a suit by the cotenant for specific performance of the oral agreement, it was *held*, that

(1) The promise of the defendant was supported by a valid consideration;

(2) The agreement was not contrary to public policy;

(3) The plaintiff having fully performed his part of the agreement, the statute of frauds was no defence;

(4) The plaintiff was entitled to a decree for specific performance.

BILL IN EQUITY, filed in the Superior Court on June 23, 1931, and afterwards amended.

In the Superior Court, the suit was heard by *Qua*, J. Material facts found and rulings made by him are stated in the opinion. In accordance with such findings and rulings, a final decree was entered by order of *Lummus*, J., directing the defendant to execute and deliver to the plain-

tiff the note and second mortgage for $3,000 described in the opinion. The defendant appealed.

*M. L. Orlov,* for the defendant.

*H. M. Ehrlich,* for the plaintiff.

CROSBY, J. This is a suit for specific performance of an oral contract by which the defendant agreed to give the plaintiff a note and to secure it with a second mortgage upon certain real estate. The defendant in his answer denied that he made the agreement and pleaded the statute of frauds. The case was heard by a judge of the Superior Court who made certain findings and rulings and ordered a decree in favor of the plaintiff. A final decree was entered from which the defendant appealed. The evidence is reported.

The plaintiff, the defendant and one Kurnitsky were owners as tenants in common of certain real estate; the defendant owned a one-half interest and the plaintiff and Kurnitsky each owned a one-quarter interest. The defendant occupied a store in the building on the property. The judge made the following findings: "On or about May 20, 1930, the plaintiff and the defendant entered into an oral contract by which, in substance, the defendant promised that if the plaintiff would not bid at the foreclosure sale of the property, which was then impending, the defendant, after he had bought in the property at such sale and had given a new mortgage thereon . . . for $15,000 (for which he had already arranged), would give the plaintiff a note secured by a second mortgage thereon payable in three years with interest payable each six months at six per cent. Both parties expected that the defendant would bid at the sale to protect the property, as he would have to do to protect his own larger interest in it, and both expected that he would be the purchaser. The plaintiff took the risk that the defendant might not buy." The judge further found that the plaintiff refrained from bidding at the sale, that the defendant bid in the property and gave a new mortgage for $15,000 to a savings bank, but that thereafter, in breach of the oral agreement, he refused to give to the plaintiff a note for $3,000 secured by a second mortgage.

The questions presented for decision are whether the contract was founded upon a valid consideration and whether it was within the statute of frauds and for that reason unenforceable. The finding was warranted upon conflicting testimony that the plaintiff agreed that he would not bid at the foreclosure sale if the defendant, after he had bid in the property, would give the plaintiff a note secured by a second mortgage payable in three years with interest at six per cent payable each six months. It is plain that the agreement was for a valid consideration. Upon the question whether the statute of frauds is a defence, it appears from the findings of the judge that the plaintiff agreed to relinquish any right to bid at the foreclosure sale and thereby·protect his interest in the equity in the property in consideration of the note and mortgage which the defendant promised to give him if the defendant should purchase the property at the sale. The provision for giving the mortgage was to secure the price evidenced by the note to be paid the plaintiff for releasing his interest. Apart from the question whether the promise to give the note and mortgage, or either of them, was a contract concerning an interest in lands, G. L. (Ter. Ed.) c. 259, § 1, cl. 4, or an agreement that was not to be performed within a year from the making thereof, G. L. (Ter. Ed.) c. 259, § 1, cl. 5, which we do not deem it necessary to decide, we are of opinion that these questions are not decisive of the rights of the parties. The plaintiff owned a one-quarter interest in the equity of redemption. He entered into the contract in good faith to protect his interest. The agreement was not contrary to public policy. There is no contention that the plaintiff, in making the contract, did so to prevent bidding by any one other than himself or from any improper motive. It is manifest that apart from the agreement he had a right to bid at the sale to protect his interest in the property. He has lost that right in reliance on the defendant's promise. The defendant fixed a value of $3,000 on the plaintiff's giving up that right. In reliance upon the agreement, as the judge found and ruled, the plaintiff has lost all opportunity to protect that interest at

the sale, and has lost his one-quarter interest in the equity. The judge further found that "Under these circumstances, to allow the defendant to set up the statute of frauds to cover his own breach of contract is to allow him to commit a 'fraud' upon the plaintiff."

The plaintiff by refraining from bidding at the sale has fully performed his part of the oral agreement, and the judge so found upon evidence which warranted that finding. In view of the finding and the nature of the defendant's promise, the plaintiff is entitled to a decree for specific performance.

The case is governed by *Gadsby* v. *Gadsby*, 275 Mass. 159, 167, 168.

*Final decree affirmed with costs.*