CHARLES D. WEATHERS *vs.* WILLIAM L. JARVIS.

Middlesex.　February 6, 1936. — April 2, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Contract*, Validity.　*Practice, Civil*, Findings by judge.

An agreement by one, who was named as the proposed purchaser in a petition by an administrator in a probate court to sell a business at private sale, that he either would pay a certain sum to another, who sought to purchase at a higher price than that named in the petition, or would give him a one half interest in the business, if he would permit the petition to be granted and would not make such higher offer, could not be pronounced illegal as matter of law.

CONTRACT. Writ in the District Court of Newton dated March 11, 1935.

The action was heard in the District Court by *Weston, J.,* who found for the plaintiff in the sum of $1,100. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*E. O'Callaghan,* for the defendant.

*W. Herbits & D. B. Jefferson,* for the plaintiff.

LUMMUS, J. An administrator filed a petition in a probate court for leave to sell a publishing business to the defendant at private sale for $4,000. Both the plaintiff and the defendant were desirous of buying. At the hearing upon the petition, the plaintiff told the judge that "he would pay more." How much more, apparently was not stated. The judge suggested that the parties talk the matter over with the administrator. Instead, the defendant promised the plaintiff that if he would make no offer but would permit the defendant to buy for $4,000, the defendant would either give the plaintiff a half interest for $2,000 or pay him $1,000. After the petition had been allowed and the defendant had bought the business without competition for $4,000, he refused to do either. The plaintiff brought this action of contract to recover $1,000 with interest. After a finding for the plaintiff, the Appellate Division dismissed a report, and the defendant appealed.

The defence is that the agreement was invalid as against public policy. In *Phippen* v. *Stickney,* 3 Met. 384, it was held that a promise by one, if another would permit him to buy real estate at auction, to convey part of it to that other, is not invalid, where the parties owned adjoining land and each desired part of the land about to be sold as a whole. It was said in substance, that if the purpose of such an agreement is to prevent fair competition and depress the price, it is invalid; but if the purpose of the agreement is to combine the funds of several to buy what no one wishes to buy alone, or to permit a bid for a parcel offered for sale as a whole where neither party desires more than a part, or any other "reasonable and honest purpose," the agreement is valid. See also *Guernsey* v. *Cook,* 120 Mass. 501, 502; *Hellier* v. *Achorn,* 255 Mass. 273, 280. The English law

appeared to be more tolerant of the practice of dealers by which one is allowed to buy at auction at a low price and then the real buyer is determined by a "knock out" or private auction afterwards, to the profit of all (*Rawlings* v. *General Trading Co.* [1921] 1 K. B. 635; *Cohen* v. *Roche*, [1927] 1 K. B. 169), until that practice was forbidden by St. 17 & 18 Geo. V, c. 12.* Conversely, as to the effect of the employment of by-bidders upon the obligation of the purchaser, see *Curtis* v. *Aspinwall*, 114 Mass. 187; *Rowley* v. *D'Arcy*, 184 Mass. 550.

In the application of the rule stated in *Phippen* v. *Stickney*, 3 Met. 384, some contracts of this general sort have been held invalid, as designed to stifle competition. *Gibbs* v. *Smith*, 115 Mass. 592. *Schmitt* v. *Franke*, 160 Wis. 347; *S. C.* Ann. Cas. 1917 D, 230, and note. *Coal & Coke Railway* v. *Marple*, 70 W. Va. 136; *S. C.* 38 L. R. A. (N. S.) 719, and note. *Ruis* v. *Branch*, 138 Ga. 150; *S. C.* 42 L. R. A. (N. S.) 1198, and note. Others have been held reasonable and valid. *Carp* v. *Kaplan*, 251 Mass. 225, 228. *Fisher* v. *Katler*, 281 Mass. 340. *Hyer* v. *Richmond Traction Co.* 168 U. S. 471, 478, 479. *Starkweather* v. *Jenner*, 216 U. S. 524. *Hopkins* v. *Ensign*, 122 N. Y. 144. *Woodruff* v. *Warner*, 175 Penn. St. 302. The question is largely one of fact.

Although the sale in the present case was not at auction, it was a judicial sale, and the court was trying through competition to obtain the best possible price. A contract having as its purpose the depression of the price would violate public policy as much as though the sale had been at auction. *Shaw* v. *Elijah*, 54 Ind. App. 234.

At one stage the plaintiff offered to pay somewhat more than the price at which the property was later sold. But it could have been found that both parties became content to buy jointly, or at least that the plaintiff so thought. Joining in a purchase is not of itself unlawful. The contract cannot be pronounced illegal as matter of law. The

---

* As to legislation in this Commonwealth, effective subsequent to this decision, see § 20, added to G. L. (Ter. Ed.) c. 100, by St. 1936, c. 209, § 2. — REPORTER.

express general finding that the contract was not against public policy imports the finding of all subsidiary facts, not inconsistent with the evidence or with facts specially found, which may be necessary to support the general finding. *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 484. *Commonwealth* v. *Millen,* 290 Mass. 406, 414. *Nicoli* v. *Berglund,* 293 Mass. 426, 428. *Munro* v. *Bowers,* 293 Mass. 514, 515–516. *Povey* v. *Colonial Beacon Oil Co., ante,* 86. *MacDonald* v. *Adamian, ante,* 187.

*Order dismissing report affirmed.*