Putnam, C. J.
This ease comes to this division on what is described as agreed facts. Some of the alleged agreed facts consist of conflicting statements of what various representatives of the parties, and others, said they saw and what they are said to have told each other.
The facts, other than such statements, which are agreed are that a tenant in the plaintiff’s building had an oil -burning portable stove for heating purposes which she lighted and left in one of the rooms of her apartment. Smoke from that stove damaged the building to the extent of $45. The flame of the stove ignited nothing outside the stove “and nothing burned except the wick and the oil in the stove”. There was conflicting evidence as to whether the stove was found lying on its side, and a statement by one person that “he saw marks on the floor which might have been made by contact of the hot-side of the stove with the floor” was contradicted by other people who said “that they looked for such marks and found none.”
*32 Such a statement of “agreed facts” does not constitute a case stated. But a report to this division of a decision on facts agreed as evidence (as seems to "be the ease here) is to he treated as raising the question of law whether on all the evidence the finding (in this case for the plaintiff) was warranted as matter of law. Frati v. Jannini, 226 Mass. 430.
The trial judge instructed himself, as requested by the defendant, that the burden was upon the plaintiff to bring her case within the terms of the policy and, further, that there was no evidence from which he could find that the plaintiff sustained any loss by reason of any fire separate and distinct from the flame of the stove. In so ruling we think he was right. The law in this commonwealth is that if damage is done by a fire intentionally lighted and maintained for a useful purpose in connection with the occupation of premises and which does not pass beyond the limits assigned to it there can be no recovery. Way v. Abington Mutual Fire Ins. Co., 166 Mass. 67; Ellis v. Norwich Union Fire Ins. Socy. Ltd., 259 Mass. 450. It seems that in order for one insured against fire to recover there must be proof that there was damage from a fire which starts from a useful and intentional fire — i. e., a friendly fire in a place where fires are never lighted nor maintained. Therefore, in order to recover in this ease, the burden is upon the plaintiff to show damage from a fire other than the flame in the oil stove. The “agreed facts”, however, recite that “nothing burned except the wick and the oil in the stove.” The question remains whether the “agreed facts” contain evidence which would warrant a finding that there was a fire outside of the stove. The only scintilla of evidence to this effect is that “A representative of the plaintiff stated that he saw marks on the floor which might have *33 been made by contact of the hot-side of the stove with the floor.”
It was open to the trial judge to believe this evidence and find that the “hot-side” of the stove charred or scorched the floor. The law seems to be, however, that in order for a fire to exist there must be a flame or glow. Mere heat without a flame or glow is not enough. See "The Meaning of Fire in an Insurance Policy Against Loss or Damage by Fire” by Edwin H. Abbott, Jr., in 24 Harvard Law Review, 119, and the cases therein collected and discussed. It is common knowledge that charring or scorching may be accomplished by heat alone without the presence of any flame or glow as, for example, by a flatiron, which, although not red-hot and without causing any flame, can cause charring or scorching. We are of opinion that the “agreed facts” contain no evidence which would warrant a finding that there was a “fire” in the insured premises Within the meaning of that word as used in a fire insurance policy.
Even if there were such a “fire” in this case the “agreed facts” state flatly that “the smoke emanating from said stove had damaged said building” to the amount of $45. Thus it seems that the whole damage claimed, and found, was caused by smoke coming from the friendly fire in the stove and there is no evidence that any of said damage was caused by smoke from the charring or scorching of the floor. Consequently, even if said charring or scorching be held to constitute a “fire”, there is no evidence that any smoke from it caused any of the damage complained of. It seems that in order to recover the plaintiff must prove that the damage was done by smoke or flame from a fire separate and distinct from the fire in the stove. Ellis v. Norwich Union Fire Ins. Soc., 259 Mass. 450, 453, supra.
*34 On the “agreed facts”, considered as the evidence in the case, the finding should have been for the defendant. The order must be “Finding for the plaintiff for $45. vacated; judgment to be entered for the defendant.”
So ordered.