Harriet T. Wasserman *vs.* Caledonian-American Insurance Company & others.

Suffolk. November 8, 1950. — December 1, 1950.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Counihan, JJ.

*Insurance,* Fire insurance: coverage of policy. *Practice, Civil,* Report.

The provision of G. L. (Ter. Ed.) c. 231, § 111, that a judge of the Superior Court, "after a finding of the facts by the court, may report the case for determination by the full court," authorizes only a report of questions of law duly raised in the Superior Court.

In an action upon a fire insurance policy in the Massachusetts standard form, the facts, that through normal functioning of an oil burner under a boiler containing no water the boiler became cherry red and emitted sparks, that the excessive heat cracked the boiler and damaged the ceiling, but that no spark or fire came in contact with the ceiling, did not require a finding that fire had escaped from its natural location or that there was a fire distinct from that under the boiler, or a finding for the plaintiff.

Contract. Writ in the Superior Court dated May 21, 1947.

The action was heard by *Brogna,* J., without a jury.

*B. P. Rome,* for the plaintiff.

*C. W. O'Brien,* for the defendants.

Wilkins, J. The holder of standard form fire insurance policies, G. L. (Ter. Ed.) c. 175, § 99, as amended, sues for damage to a heating system and adjacent premises. The judge found for the defendants, and made subsidiary find-

ings. The premises were heated by an oil burner installed in the cellar. On the morning of January 3, 1947, it was discovered that the burner was operating, sending a flame in the usual way into the boiler, which was cherry red and emitting sparks. It was later learned that there was no water in the boiler. The oil burner functioned normally and as intended except for the lack of water. The excessive heat cracked the boiler and damaged the ceiling, but no spark or fire came in contact with the ceiling.

The plaintiff took no exceptions to rulings at the trial. At the close of the evidence she presented requests for rulings, three of which the judge denied in the absence of counsel. The plaintiff did not except within three days after notice as required by Rule 72 of the Superior Court (1932). The case is here on the following questions of law by report of the judge: "1. On the facts hereinbefore set forth, as a matter of law, do I have the power to report this matter to the Supreme Judicial Court? 2. If I do have the power . . . was I obliged as a matter of law to find for the plaintiff?"

The following requests were denied as "inapplicable in view of the facts hereinbefore found": "2. The evidence does not warrant a finding for the defendants." "5. If a fire escapes from its natural location it becomes a fire covered by the Massachusetts standard policy and the insured is entitled to recover for damage sustained. 6. If a 'friendly' fire becomes destructive by reason of a change of conditions, it becomes a fire covered by the Massachusetts standard fire policy."

By G. L. (Ter. Ed.) c. 231, § 111, "A justice of . . . the superior . . . court . . . after a finding of the facts by the court, may report the case for determination by the full court. . . ." This statutory authorization extends only to the reporting of questions of law. There must have been a request or a ruling on a point sought to be reported. *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310, 314; *S. C.* 317 Mass. 245, 251. *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 410. This is not a report of the denial of the

second request which asked a ruling upon all the evidence, and, besides, there is no evidence in the report. This is not expressly a report of the rulings on the fifth and sixth requests. Those requests, however, were denied only because deemed inapplicable on the facts found. As the result will not be affected, lest the report of the substantive question become utterly nugatory, we treat it as bringing here the question whether a finding for the plaintiff was required because, contrary to the rulings, the fifth and sixth requests were not rendered immaterial by the findings.

The report contains no recital that the ultimate finding for the defendants was based solely upon the subsidiary findings. Compare *Winslow Bros. & Smith Co.* v. *Hillsborough Mills*, 319 Mass. 137, 141. The general finding imports all subsidiary findings necessary to that conclusion and not inconsistent with special findings or rulings of law. *Manzi* v. *Carlson*, 278 Mass. 267, 273. *Weathers* v. *Jarvis*, 294 Mass. 227, 229–230. *Maher* v. *Haycock*, 301 Mass. 594, 595–596.

In *Scripture* v. *Lowell Mutual Fire Ins. Co.* 10 Cush. 356, 359–360, it was said, "If, in *Austin* v. *Drew* [6 Taunt. 436], the fire had been where it ought not to be, if, even with careless management, it had burned the building, and, notwithstanding it was fire maintained only for the purpose of manufacture, . . . the insurers would have been held to be liable for the loss. This, therefore, and this only . . . is decided by the case of *Austin* v. *Drew*, namely, that where a chemist, artisan, or manufacturer, employs fire as a chemical agent, or as an instrument of art or fabrication, and the article, which is thus purposely subjected to the action of fire, is damaged in the process by the unskilfulness of the operator, and his mismanagement of heat as an agent or instrument of manufacture, that is not a loss within a fire policy. This we apprehend is good sense and sound law." In *Way* v. *Abington Mutual Fire Ins. Co.* 166 Mass. 67, the plaintiff recovered for damage to his house by smoke from a chimney fire ignited in soot by a fire lighted in a stove connecting with the chimney. At pages 74–75, it was said,

"We are inclined to the opinion that a distinction should be made between a fire intentionally lighted and maintained for a useful purpose in connection with the occupation of a building and a fire which starts from such a fire without human agency in a place where fires are never lighted nor maintained, although such ignition may naturally be expected to occur occasionally as an incident to the maintenance of necessary fires, and although the place where it occurs is constructed with a view to prevent damage from such ignition. A fire in a chimney should be considered rather a hostile fire than a friendly fire, and as such, if it causes damage, it is within the provisions of ordinary contracts of fire insurance." In *Ellis* v. *Norwich Union Fire Ins. Society, Ltd.* 259 Mass. 450, the plaintiff left a covered pot over a lighted burner on a gas stove until the pot and its contents were burned causing smoke damage to the insured premises. There was expert testimony that there probably would be a flame from the gases as they emerged from the pot, "which flame . . . would be separate and apart from the flame of the gas stove." In holding that there was error in the direction of a verdict for the defendant, it was said, at page 452, "Upon the evidence the jury could have found that a fire separate and distinct from the gas flame had existed . . .." And at page 453, in declining to distinguish the *Way* case, it was said, "we are of opinion that the principle there enunciated is controlling in the decision of this case, and that the defendant would be liable if the jury found that the damage was caused by a fire separate and distinct from the gas flame."

The language of these cases would permit a finding either way in the case at bar. The trial judge recognized this when he granted a request of the plaintiff that the evidence warranted a finding in her favor. The flame from the burner was as it should be, entering the boiler in the usual way. The only abnormal feature of the operation was the absence of water. The first consequence was a cherry red boiler emitting sparks which did not come in contact with the ceiling. This was not in itself a finding that fire had escaped

from its natural location or a finding that there was a fire distinct from that under the boiler. Nor was either finding required as matter of law by the other findings. The general finding for the defendants implied that no fire had escaped from its natural location. The fifth request was thus inapplicable on the facts found. *Nicoli* v. *Berglund,* 293 Mass. 426, 428. We do not pause to analyze the accuracy of the sixth request. It was, in any event, inapplicable. There could be no recovery under the policies unless it was found that there was a fire distinct from that under the boiler. The existence of such a fire was negatived by the general finding.

The plaintiff argues that it is anomalous to deny recovery because her damage was not greater. The answer is that the judge's findings did not bring her loss within the contracts of insurance.

The general principles herein expressed, we believe, are supported by the great weight of authority. Without attempting to ascertain and describe conceivable grounds for distinguishing the case at bar, we cite some of the pertinent cases. *Lavitt* v. *Hartford County Mutual Fire Ins. Co.* 105 Conn. 729. *Cannon* v. *Phoenix Ins. Co.* 110 Ga. 563. *Gibbons* v. *German Ins. & Savings Institution,* 30 Ill. App. 263. *Sigourney Produce Co.* v. *Milwaukee Mechanics' Ins. Co.* 211 Iowa, 1203. *McGraw* v. *Home Ins. Co.* 93 Kans. 482. *American Towing Co. of Baltimore City* v. *German Fire Ins. Co.* 74 Md. 25. *Mitchell* v. *Globe & Republic Ins. Co.* 150 Pa. Super. Ct. 531. *Solomon* v. *United States Fire Ins. Co.* 53 R. I. 154. Compare *Coryell* v. *Old Colony Ins. Co.* 118 Neb. 312; *O'Connor* v. *Queen Ins. Co.* 140 Wis. 388. See Appleman, Insurance, § 3082; Cooley, Insurance (2d ed.) 4933–4935; Joyce, Insurance (2d ed.) § 2796; Richards, Insurance (4th ed.) 326; Vance, Insurance (2d ed.) 753–754; 24 Harv. L. Rev. 119; 20 A. L. R. 967; 68 A. L. R. 231; 29 Am. Jur., Insurance, § 1016.

In accordance with the terms of the report, judgment is to be entered for the defendants.

*So ordered.*