Rockingham, }
Dec. 4, 1951. }   No. 4072.

JOSEPH CONSOLI

*v.*

THE COMMONWEALTH INSURANCE COMPANY.

SAME

*v.*

THE FIREMAN'S FUND INSURANCE COMPANY.

*John B. Ford* (by brief and orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendants.

KENISON, J.   The decision of the Trial Court that this was a "friendly fire" and was not covered by the fire insurance policies is supported by the overwhelming weight of authority in the United States.   5 Couch, Insurance, s. 1201; 20 A. L. R. 967, 68 A. L. R. 231; 45 C. J. S., Insurance, *s.* 809; 29 Am. Jur., *s.* 1016; Patterson, Cases and Materials on Insurance (1947) 410, 411; 5 Appleman, Insurance, *s.* 3082.   The cases make a distinction between a hostile fire which is covered by the policy and a friendly fire which is not covered by the policy.   Abbot, The Meaning of Fire in an Insurance Policy against Loss or Damage by Fire.   24 Harv. L. Rev. 119; 37 Yale L. J. 264; 49 Harv. L. Rev. 485.   However the entire distinction has been attacked (Vance, Friendly Fires, 1 Conn. B. J. 284) and one court refused to allow it.   *Salmon* v. *Concordia Fire Ins. Co.*, (La. App.) 161 So. 340.   But the decision of the Louisiana intermediate court has not been followed by any court of last resort.

The expression "hostile fire" has come to be used as a shorthand description of a fire which is accidental in its origin.   A reasonable man in the position of the insured is barred from recovery under his fire insurance policy if he willfully fails to prevent the spread of a hostile fire.   *Manter* v. *Boston &c. Ins. Co.*, 93 N. H. 21; Patterson, Cases and Materials on Insurance (1947) 421.   A reasonable man in the position of the insured would not expect his policy to cover loss due to a fire intentionally kindled.   He should no more expect that damage from heat produced by such fire be considered loss due to accidental fire.   *Mode, Limited* v. *Fireman's Fund Ins. Co.*, 62 Idaho 270.   The character of the fire would not be changed by the fact that insured property was placed too close to it.   A fire burning in a stove which does not escape is not considered a hostile fire covered by the policy even though damage results from the excessive heat caused thereby.   *Lavitt* v. *Hartford County Mut. Fire Ins. Co.*, 105 Conn. 729; *McGraw* v. *Home Ins. Co. of New York*, 93 Kan. 482; *Sigourney Produce Co.* v. *Milwaukee Me-*

*chanics' Ins. Co.,* 211 Iowa 1203.

The only case which considered excessive heat constituted a hostile fire is *O'Connor* v. *Queen Insurance Co.,* 140 Wis. 388, and recent decisions have not followed it. Only last year the whole problem of overheated oil burners causing damage by excessive heat was reconsidered in Connecticut and Massachusetts and it was held that they were friendly fires not covered by the fire insurance policies. *Spare* v. *Glens Falls Ins. Co.,* 137 Conn. 105; *Wasserman* v. *Caledonian-American Ins. Co.,* (Mass.), 95 N. E. (2d) 547. These cases state the rule as it exists today and as it has been in the United States for more than a half century. *Way* v. *Abington Mutual Ins. Co.,* 166 Mass. 67; Patterson, Insurance Law During the War Years, 46 Col. L. Rev. 345, 362.

Plaintiff concedes that a plethora of authority has been amassed against his right to recover but argues that the doctrine is erroneous, unsound and contrary to what a reasonable man would understand his fire insurance policy to mean. This argument is not devoid of some substantial merit but it has been rejected so consistently and for so long a period of time, even in states which construe insurance policies strictly against the insurance company, that its adoption today becomes more a legislative function than a judicial one. *Cf. Cushman* v. *Grafton,* 97 N. H. 32, where the legal right of a county to purchase liability insurance against negligence for which it was not liable was promptly changed by legislative act. Laws 1951, c. 197. What should or should not be in a standard fire insurance policy presents a legislative question. Crichton, The Statutory Fire Insurance Policy, Insurance Law Journal (Oct. 1951) *p.* 785. While a court has the duty to construe an insurance contract in a reasonable manner, it is not free to rewrite its terms by giving them a meaning which they never had. If public policy requires a different interpretation in the light of modern conditions (see 5 Appleman, Insurance 216), the policy should be stated by the Legislature in advance rather than by the judiciary after the loss has occurred.

*Exceptions overruled.*

BLANDIN *and* LAMPRON, JJ., dissented; the others concurred.

BLANDIN, J., *dissenting:* The law in this state from time immemorial has been that an insurance policy means what a reasonable

person in the position of the insured would understand it meant. *Terrien* v. *Company*, 96 N. H. 182, 186, and cases cited. Here the policy provided that the defendant company would pay the insured for *"any loss or damage"* to his property "by fire originating *from any cause* except invasion, foreign enemies, civil commotions, riots or military or usurped power . . . ." (Emphasis supplied). It would be difficult, if not impossible, for the company to promise to pay for the loss here in any plainer terms than these. There is nothing in the policy excluding losses due to "friendly fires" or fires restricted to the place where they are supposed to be or anything of the sort. Nor is there any suggestion that only losses caused by "hostile fires" are covered. The insurer wrote the policy and could have inserted these conditions and exclusions as well as those which it did insert had it so desired.

It is not seriously disputed here that a reasonable man in the position of the insured would understand the policy covered the losses, but in spite of this he is denied recovery, although there is no authority in this state, legislative or judicial for so doing, because courts in other jurisdictions have established a rule which it seems in fairness and reason neither this opinion nor other authorities convincingly defend. I recognize that a doctrine supported by the majority as is the "friendly fire" doctrine should not be lightly overthrown. But even the authorities which uphold it are apologetic, and notwithstanding their number, none of them have come forward with a really good reason for their position—which it appears is a strong indication that none exists. The rule has been attacked with vigor and logic and even overthrown elsewhere. *Salmon* v. *Concordia Fire Insurance Co.* (La. App.) 161 So. 340; see also, Vance, Friendly Fires, 1 Conn. B. J. 284. Our courts have held that the reason for a rule, rather than the number of jurisdictions which support it, should control. There seems no more cause in justice or logic to read into this policy the "friendly fire" exception than there was to read in a "friendly vehicle" exception in the liability policy in the case of *Golding-Keene Co.* v. *Insurance Co.*, 96 N. H. 64. There we were confronted with the same argument as here, and we rejected it in no uncertain terms. *Id.*, 68. We are not faced with adverse precedents as in *Nashua Trust Co.* v. *Mosgofian*, 97 N. H. 17, but rather our precedents would all support a plaintiff's verdict here. It seems to me in denying recovery the opinion does the very thing which it says cannot be done. It does rewrite the policy giving it a meaning which *it never had under our law* because our law

228

would interpret it as the reasonable man in the position of the insured and would hold that coverage exists.

In conclusion, I do not believe we should deny recovery and overrule one of the fairest and best principles in our law for a foreign doctrine which has little in the way of justice or reason to commend it. Nor do I see any good reason to wait for the Legislature to do what we can do ourselves merely by following the tenor of the long and hitherto unbroken line of our own decisions.

LAMPRON, J., concurred in this opinion.