**Penelope STILLMAN**

v.

**NORTH AMERICAN LIFE & CASUALTY COMPANY.**

**Penelope STILLMAN**

v.

**FIRST NEW HAMPSHIRE BANKS, INC.**

**Civ. Nos. 87–479–D, 88–122–D.**

United States District Court,
D. New Hampshire.

Sept. 29, 1988.

Vincent A. Wenners, Jr., Manchester, N.H., for plaintiff.

Edward M. Kaplan, Concord, N.H., for North American Life & Cas. Co.

Claudia C. Damon, Manchester, N.H., for First New Hampshire Banks, Inc.

## ORDER

DEVINE, Chief Judge.

These consolidated actions arise out of the refusal of North American Life & Casualty Company ("North American") to pay $58,000 in life insurance to plaintiff Penelope Stillman upon the death of her husband Donald Stillman. Civil No. 87–479–D was brought originally in New Hampshire state court and subsequently was properly removed to this court. Jurisdiction over the action is thus proper pursuant to 28 U.S.C. § 1441. Civil No. 88–122–D is brought via amended complaint alleging a cause of action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Jurisdiction is thus properly asserted pursuant to 29 U.S. C. § 1132.

At bar are the parties' cross-motions for summary judgment in Civil No. 87–479–D

and defendant's motion to dismiss and plaintiff's motion to further amend her complaint in Civil No. 88–122–D. The Court addresses the issues raised by these motions on the documents as filed. *See* Local Rule 11(g).

The Court turns first to the cross-motions for summary judgment in Civil No. 87–479–D. In doing so, the Court follows the well-trod path that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The Court must view the record in the light most favorable to the nonmoving party, according the nonmoving party all beneficial inferences discernable from the evidence, *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988). The burden is on the moving party to establish a genuine, material factual issue. *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1986). If a motion for summary judgment is properly supported, the burden of proof shifts to the nonmoving party to set forth specific facts showing that a genuine issue exists. *Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir.1983). Rule 56(e), Fed.R.Civ.P. If, as in the case at bar, both motions demonstrate basic agreement with regard to relevant legal theories and the underlying material facts of the dispute, cross-motions suggest that there is no genuine factual dispute. *United Nuclear Corp. v. Cannon*, 553 F.Supp. 1220, 1226 (D.R.I.1982) (citing *Bricklayers Int'l Union of America v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir.1975). The undisputed facts pertinent to the instant motions are as follows.

Donald Stillman was employed by Merchants National Bank, a subsidiary of First Bancorp of New Hampshire, Inc., subsequently First New Hampshire Banks ("First NH"), when North American became the insurer under First NH's group insurance plan effective July 1, 1981. That group plan was administered by the Employee Benefit Plan Administration, Inc. ("EBPA"), of Hampton, New Hampshire. North American's group insurance policy required no contributions from employees, and First NH was the designated "Policyholder".

The terms of the master policy provided coverage to active full-time employees and excluded all other persons. The policy also made specific provision for the automatic termination of an individual's coverage if premium payments were discontinued or if the individual ceased to be in an eligible class. Although Stillman had suffered a disabling stroke in June 1981, before the policy took effect, discussions between First NH and North American led to the inclusion on September 30, 1981, of a rider to the policy waiving Stillman's active service requirement. The rider stated that it was a part of the policy and bound both First NH and North American.

First NH continued to pay Stillman his $29,000 annual salary despite his disability until he died on May 30, 1987. However, First NH placed Stillman in a retired class and discontinued paying monthly premium payments for his life insurance coverage as of November 30, 1985. Upon Stillman's death, North American refused to pay insurance benefits to his wife. This litigation resulted.

■ Although the parties dispute the issue of whether Stillman was actually retired on November 30, 1985, the Court considers the fact that North American ceased receiving premium payments to be critical. Generally speaking, " 'the liability of an insurer and the extent of the loss under a policy of liability or indemnity insurance must be determined, measured, and limited by the terms of the contract.' " *American Gen. Fire & Cas. Co. v. Truck Ins. Exch.*, 660 F.Supp. 557, 566 (D.Kan.1987) (quoting 44 Am.Jur.2d, *Insurance* § 1551, at 552 (1982)). If additional provisions are appended to an insurance contract, the terms of the master policy control unless the intent to incorporate the additional provisions into the insurance policy are plainly manifest. *Taylor v. Kinsella*, 742 F.2d 709, 711–12 (2d Cir.1984). In the instant case,

because the rider effecting waiver of Stillman's active employment status for the purposes of life insurance coverage was authorized by First NH and North American to be "made part of [the] Group Policy," the Court must look to both the policy and the additional provisions to determine the parties' intent.

■ The master policy at issue here explicitly provides that "[a]ctive Service will terminate for purpose of this insurance on the date premium payments for the Insured Person's Insurance are discontinued." Policy at 94. Plaintiff argues that because the rider waived Mr. Stillman's active service requirement, it waived First NH's obligation to pay required premiums. Thus, plaintiff argues that discontinuance of the premium payments could not result in policy termination. In support of this contention, plaintiff points to language in the waiver which states that the waiver is effective in insuring Mr. Stillman "notwithstanding anything to the contrary" contained in the master policy. Alternatively, plaintiff argues that the rider creates an ambiguity in the policy to be construed in favor of the insured. *See, e.g., Diamond Int'l Corp. v. Allstate Ins. Co.*, 712 F.2d 1498, 1504 (1st Cir.1983) (under New Hampshire law, court must construe policy against insurer whenever policy is ambiguous or if separate clauses lend themselves to conflicting interpretations).

In interpreting an ambiguous phrase in an insurance policy, a court must consider the insurance policy as a whole as it would be understood by a reasonable person in the position of the insured. *See, e.g., Commercial Union Assurance Companies v. Town of Derry*, 118 N.H. 469, 472, 387 A.2d 1171, 1173 (1978), *rev'd in part, American Home Assurance Co. v. Fish*, 122 N.H. 711, 715, 451 A.2d 358, 360 (1982). Here, the waiver of active service gives no indication that coverage would continue without payment of premiums. Although

the Court finds that a reasonable person would interpret the rider as North American's agreement to insure Stillman despite his work status, the Court cannot find that a reasonable person would have understood the rider to permanently waive the requirement of receipt of premiums. This finding is bolstered by the fact that First NH apparently paid premiums on Mr. Stillman's policy for four years after the rider was effectuated.

■ An insurer's receipt of premiums is the sine qua non of an enforceable insurance contract, *American Family Mut. Ins. Co. v. Jones*, 739 F.2d 1259, 1262 (7th Cir. 1984), and this rule holds true for a noncontributory group insurance policy such as the one at issue here, where the policy contains an express provision for termination of coverage in the event of nonpayment of premium, *Hanna v. Mount Vernon Life Ins. Co.*, 260 F.2d 244, 246 (8th Cir.1958); *see also Korzinek v. Postal Life Ins. Co.*, 224 F.Supp. 1001, 1005 (S.D.N.Y. 1964); J. Appleman, *Insurance Law and Practice*, § 8072 (West 1985); Annotation, *Termination of Employees' Individual Coverage Under Group Policy for Nonpayment of Premiums*, 22 A.L.R.4th 321, §§ 3–5 (1983 & Supp.1987). Given this well-established principle, the Court would have to twist the language of the policy and waiver beyond reasonable and just limits to arrive at plaintiff's suggested interpretation. Language of an insurance policy may not be distorted by a court to provide coverage to an insured individual if such coverage does not reasonably exist. *See, e.g., State Farm Auto Ins. Co. v. Cabuzzi*, 123 N.H. 451, 455, 462 A.2d 129, 131 (1983); *Consoli v. Commonwealth Ins. Co.*, 97 N.H. 224, 226, 84 A.2d 926, 927 (1952).

■ It is undisputed that First NH failed to pay premiums for Stillman's life insurance coverage in December 1985 and thereafter.[1] Moreover, plaintiff has not alleged

---

1. North American has submitted a copy of First NH's claim for death benefits on behalf of Stillman's beneficiaries, which states that premiums were paid to November 30, 1985. Plaintiff does not rebut this evidence with specific facts and

thus has not created a genuine issue for trial. *See Perez De La Cruz v. Crowley Towing & Transp. Co.*, 807 F.2d 1084, 1086 (1st Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 2182, 95 L.Ed.2d 838 (1987) ("[T]he party opposing sum-

that North American was in any way responsible for First NH's discontinuance of Stillman's premium payments. Thus, absent some duty on the part of North American to notify Stillman prior to canceling his coverage, North American's obligation to insure him ended as of the date that it ceased receiving premiums. Therefore, the Court turns to the issue of whether North American had a duty to notify Stillman that his insurance was about to expire for nonpayment of premiums.

Stillman's insurance policy does not contain any provision which requires North American to inform insured individuals that the employer has ceased making premium payments on their behalf. Additionally, the State of New Hampshire has not enacted a notice statute requiring a group policy insurer to notify insured individuals covered under a noncontributory insurance policy prior to canceling the individual's coverage due to nonpayment by the employer. Although New Hampshire law explicitly requires direct written notification to the employee from the insurer if termination of coverage is the result of cancellation of the entire group policy, New Hampshire Revised Statutes Annotated (RSA) 408:16 IX (1983), the statute does not require direct notification to the employee if employment is terminated, RSA 408:16 VIII (1983), or if premium payments cease. Thus the Court can find no basis to impose a duty upon North American to inform Stillman of the cancellation of his coverage.

In conclusion, the Court finds and rules that North American had the right to terminate Mr. Stillman's insurance coverage when North American ceased receiving premium payments in his behalf, and that North American had no duty to inform Mr. Stillman that his insurance was about to lapse prior to terminating said insurance. In accordance with these findings, the Court herewith holds that North American is entitled to summary judgment in its favor. North American's motion for summary judgment is herewith granted, and plaintiff's motion for summary judgment is herewith denied.

The Court next turns to the motions filed in Civil No. 88–122–D. With regard to plaintiff's motion to further amend her complaint, defendant has waived objection by failing to file written objection to the motion. *See* Local Rule 11(d). The decision to grant or deny a motion to amend lies within the sound discretion of the district court. *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir.1983). Even so, leave to amend is to be "freely given when justice so requires." Rule 15(a), Fed.R.Civ.P.; *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Having considered plaintiff's motion in light of defendant's failure to object, the Court finds that leave to further amend plaintiff's complaint should be granted. Accordingly, plaintiff's motion to further amend the complaint is granted.

First NH moves to dismiss on the basis that diversity jurisdiction does not exist between First NH Banks and plaintiff. Defendant's motion is misconceived, as plaintiff's action arises under ERISA, a federal statute, and jurisdiction is thus properly asserted pursuant to 29 U.S.C. § 1132. Defendant's motion is therefore denied.

■ Defendant also moves to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the ground that the allegations of the complaint fail to allege either that defendant had a fiduciary duty or that, if it did, it breached such duty.

In considering a Rule 12 motion to dismiss, the issue the Court must address is whether, based on the claims of the complaint, the plaintiff is entitled to offer evidence. *V.S.H. Realty v. Texaco,* 757 F.2d 411, 414 (1st Cir.1985) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Those allegations are "construed in the light most fa-

---

mary judgment may not rest upon the mere allegations ... of his pleading, but his response

... must set forth specific facts showing that there is a genuine issue for trial.").

vorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." *Chasan v. Village Dist. of Eastman,* 572 F.Supp. 578, 579 (D.N.H.1983) (and citations therein), *aff'd without opinion* 745 F.2d 43 (1st Cir.1984); *see also Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987).

In the instant matter, viewing the allegations contained in plaintiff's complaint as most recently amended, the Court cannot say that plaintiff would not prevail under any set of facts she could prove. She has alleged that First NH disregarded a clear and unambiguous duty to remit premium payments in behalf of Mr. Stillman and in so doing breached its fiduciary obligation to him. Such discontinuation of premium payments ultimately resulted in Mrs. Stillman's being denied insurance benefits. Inasmuch as there remains the clear possibility that plaintiff will prevail on her claim that First NH's actions were arbitrary and capricious, thus entitling her to relief, *see,* 29 U.S.C. § 1132 and *Dennard v. Richards Group, Inc.,* 681 F.2d 306 (5th Cir.1982), defendant's motion to dismiss must be and is herewith denied.

In sum, in C. 87–479–D, North American's motion for summary judgment (document no. 12) is granted, and plaintiff's motion for summary judgment (document no. 15) is denied. In C. 88–122–D, plaintiff's motion to amend (document no. 16) is granted, and defendants' motions to dismiss (documents 9 and 14) are denied.

SO ORDERED.